No. 13,234.

COLORADO FUEL AND IRON COMPANY *v.* INDUSTRIAL COMMISSION ET AL.
(24 P. [2d] 1117)

Decided August 7, 1933.

Messrs. Farrar & Martin, Mr. D. C. McGrew, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, for defendants in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The present case arises under the Workmen's Compensation Act of Colorado. It is here for review of the district court's judgment affirming a supplemental award made by the Industrial Commission as a death benefit to the widow of Pedro Vasquez, an employee of the Colorado Fuel and Iron Company, who had been regularly receiving compensation for an injury which he had suffered in 1925, but which was not the cause of his death. When he died, December 16, 1931, there was still unpaid $2,172.58 of the compensation awarded him for permanent partial disability. The widow promptly applied to the Industrial Commission for payment to her of the entire unpaid balance. The commission awarded it to her, believing itself governed solely by C. L. '21, §4438, as successively amended by Laws of '23, chapter

200, §5, and Laws of '29, chapter 186, §6 (C. L. Suppl. '32, §4438). This award was made over the objection of the employer company, which contended unsuccessfully before the commission and in the district court that the widow was a nonresident of the United States at the time of the husband's death and therefore entitled to only one-fourth of the balance remaining unpaid; relying upon C. L. '21, §4440, as amended by Laws of '23, chapter 20, §11 (C. L. Suppl. '32, §4440).

If we can say, under the evidence, that the widow was residing in the Republic of Mexico when her husband died, the judgment must be reversed and a judgment ordered for one-fourth of the full amount.

▮▮ The widow and her husband are shown to have been married in 1918 at Trinidad, Colorado. In April or May of 1931 the husband obtained from the commission a lump-sum advance and returned to Mexico, the land of his birth. The news of his death was sent by the widow herself, who forwarded from Mexico both the proof of her husband's death and the certificate of their marriage. Both he and she had their communications with the Industrial Commission through the Mexican consul at Denver from the time the husband wished to go back to his Mexican home. The consul furnished their Mexican addresses. With the background thus supplied, the ordinary presumptions are sufficient to complete our picture. In the absence of affirmative evidence to the contrary, the wife's domicile is presumed to merge in that of the husband; she is presumed to live with her husband in his home. 1 Schouler on Mar., Div., Sep. & Dom. Rel. (6th Ed.), §§40, 45; 19 C. J. 416, §33; 30 C. J. 518, §31; Long, Domestic Relations (3d Ed.), §§103, 104. There is no evidence here to overcome the usual presumptions. Moreover, the underlying thought of dependency is that there is a duty to support, at least in the case of dependency of a wife, who under our Workmen's Compensation Act is "conclusively presumed

to be wholly dependent'' unless it is shown that she is voluntarily separated and living apart from the husband at the time of the husband's injury or death and was not dependent. C. L. '21, §4426. Cohabitation of the married couple is the very basis of the faithful husband's obligation. One who desires to overcome a presumption has the burden of bringing forward the necessary proof. Under the evidence before us, it sufficiently appears that the widow resided in Mexico with her husband up to the time of his death.

█ It is suggested that the residence at the time of the injury is the only residence that is to be considered on the question of nonresidence in the United States; and we are referred to C. L. '21, §4431, as amended by Laws of '23, chapter 201, §9 (C. L. Suppl. '32, §4431). This provision is not in point. It has to do with the fact of dependency and not with the amount to be paid.

The supplemental award by the commission of the entire balance of the compensation remaining unpaid and the affirmance of that award by the district court were prejudicial error. The judgment of the district court must be reversed, and the case remanded with directions to modify the commission's supplemental award by reducing the amount to one-fourth thereof, namely, $543.15.

Judgment reversed, with directions.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.