Agness A. RICHARDS,
Claimant-Petitioner,

Sam J. Richards (Deceased), Claimant,

v.

RICHARDS & RICHARDS, Employer, and State Compensation Insurance Fund, Insuror, and The Industrial Commission of the State of Colorado, and the Director of the Division of Labor of the State of Colorado, Respondents.

No. 82CA0391.

Colorado Court of Appeals,
Div. I.

Feb. 24, 1983.

Rehearing Denied March 24, 1983.

Certiorari Denied May 23, 1983.

Two years later, petitioner's husband died as a result of the cancer. Petitioner applied for, and was awarded, dependent's benefits. These benefits were computed based on the maximum death benefit in effect at the time of decedent's disablement, *i.e.*, 80% of the state average weekly wage, or $152.53. Section 8–50–103, C.R.S.1973 (1982 Cum. Supp.).

Petitioner contends that the dependency benefits should have been calculated based on a percentage of the state average weekly wage at the time of her husband's death, rather than at the time of his disablement. This would increase her widow's benefits to $222.74 per week. Because disablement benefits awarded to a worker are independent of dependent's benefits awarded upon that worker's death, we agree with petitioner's arguments.

█ Disability benefits awarded to a worker and death benefits awarded a worker's dependents are entirely independent of one another. *In re Claim of Dick v. Industrial Commission,* 197 Colo. 71, 589 P.2d 950 (1979); *Claimants in re Death of Hampton v. Director Division of Labor,* 31 Colo.App. 141, 500 P.2d 1186 (1972); 2 *A. Larson, Workmen's Compensation Law* § 64.10 (1982). This results in "two distinct rights—one for the benefit of the workman, the other for the benefit of his dependents." *Dick v. Industrial Commission, supra.*

█ For example, the statute of limitations applicable to an employee's claim for compensation does not bar a dependent's subsequent claim for death benefits. *Claimants in re Death of Hampton, supra.* And, the settlement, compromise, or release by the deceased of his rights under the Act does not bar the rights of the dependents since they are independently created by statute. *See, e.g., Fonda v. Fort Plain Enterprises,* 75 A.D.2d 696, 427 N.Y.S.2d 648 (1980); *Rosander v. Copco Steel & Engineering Co.,* 429 N.E.2d 990 (Ind.App.1982); 2 *A. Larson, supra,* at § 64.12. Some states have held that an adverse decision on the merits of a claim by the employee while he

Dufford, Waldeck, Ruland, Wise & Milburn, Amanda D. Bailey, Grand Junction, for claimant-petitioner.

William J. Baum, DeMoulin, Anderson, Campbell & Laugesen, P.C., Thomas M. Schrant, Denver, for respondents Richards & Richards and State Compensation Ins. Fund.

J.D. MacFarlane, Atty. Gen., Timothy R. Arnold, Robert C. Lehnert, Asst. Attys. Gen., Denver, for respondents The Indus. Com'n of the State of Colo. and The Director of the Div. of Labor of the State of Colo.

BERMAN, Judge.

Petitioner seeks review of an award of dependent's benefits made to her under the Workmen's Compensation Act. We set aside the award.

Petitioner's husband, a uranium miner, was diagnosed as suffering from lung cancer. In 1978, the Industrial Commission, in a ruling which is not contested by this petition, awarded temporary disability benefits.

was alive does not bar a dependency claim under the doctrine of *res judicata. See, e.g., Matter of Fossum,* 289 Or. 777, 619 P.2d 233 (1980) and 2 *A. Larson, supra,* at § 64.14.

 Whether the rule of independence requires calculation of dependent's benefits at the time of death is a question of first impression in Colorado. We hold that this rule extends to the calculation of benefits, and accordingly, reverse the decision of the Commission. Petitioner is entitled to benefits calculated as of 1980, the year of her husband's death.

This holding is unaffected by § 8–50–105(1), C.R.S.1973 (1982 Cum.Supp.) which provides that:

> "Dependents and the extent of their dependency shall be determined as of the date of the injury to the injured employee, and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions."

The respondents contend that this section means that the amount of death benefits should be fixed as of the date of injury, not the date of death. We disagree. The statute itself speaks only of the right of dependents and the extent of their dependency. The clause "and the right to death benefits shall be fixed as of said date irrespective of any subsequent change in conditions" refers not to the amount thereof, rather it refers to a dependent's right to death benefits which is fixed as of the date of the injury regardless of any subsequent change in that dependent's status. In other words, it does not speak to the amount to be paid.

In *Colorado Fuel & Iron Co. v. Industrial Commission,* 93 Colo. 188, 24 P.2d 1117 (1933), the predecessor version of § 8–50–105(1) was held to govern only "the fact of dependency and not ... the amount to be paid." The language of the statute construed in *Colorado Fuel & Iron Co.* differs only in that the word "injury" was substituted for the word "accident."

The order is set aside and the cause is remanded for entry of an order consistent with this opinion.

COYTE and STERNBERG, JJ., concur.