STATE COMPENSATION INSURANCE FUND and Department of Military Affairs, Division of National Guard, Petitioners,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado, and Ruth C. Butler, Respondents.

No. 85CA1233.

Colorado Court of Appeals, Div. I.

July 3, 1986.

Feay Burton Smith, Jr., Mark E. Rau, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

James D. Evans, James D. McKnight, Jr., Aurora, for respondent Ruth C. Butler.

ENOCH, Chief Judge.

Petitioners, State Compensation Insurance Fund and the Department of Military Affairs, Division of National Guard, seek review of an award of dependent's benefits under the Workmen's Compensation Act. We affirm the order.

The deceased employee suffered a work-related injury on March 25, 1980. At that time his average weekly wage was $294.69. He returned to work. However, complications arising out of his work-related injury necessitated total hip replacement surgery on January 21, 1983, and he died on January 30, 1983, of postoperative complications. On January 30, 1983, his average weekly wage was $414.92.

Petitioners paid dependent's benefits to the deceased's wife based on the deceased's average weekly wage at the time of his injury in 1980. However, the Industrial Commission ordered a greater amount, based on the deceased's average weekly wage at the time of his death in 1983.

On review, petitioners contend that § 8–47–101(3), C.R.S., requires the amount of benefits to which a dependent is entitled to be determined based on the deceased employee's average weekly wage at the time of his injury rather than at the time of his death.

Section 8–47–101(3), C.R.S., provides:

"Average weekly wages for the purpose of computing benefits provided in articles 40 to 54 of this title, except as provided in this section, shall be calculated upon the monthly, weekly, daily, hourly, or other remuneration which the injured or killed employee was receiving *at the time of the injury,* and in the following manner: ...." (emphasis added)

The above subsection goes on to set forth specific calculations based upon whether the employee was paid on a monthly, weekly, daily, hourly, or other basis. *See* § 8–47–101(3)(a), C.R.S., and § 8–47–

101(3)(b) through (e), C.R.S. (1985 Cum. Supp.)

Petitioners argue that the emphasized language above leaves no question as to the date to be used in calculating a deceased's employee's average weekly wage when determining the amount of a dependent's death benefits under § 8–50–103, C.R.S. (1985 Cum Supp.). We do not agree.

Article 50 of Title 8, C.R.S., specifically concerns dependency and dependent's benefits. Section 8–50–103, C.R.S. (1985 Cum. Supp.) provides:

"In case of death, the dependents of the deceased entitled thereto shall receive as compensation or death benefits sixty-six and two-thirds percent of the *deceased employee's average weekly wages,* not to exceed a maximum of eighty percent of the *state average weekly wage per week* for accidents occurring on or after September 1, 1975, and not less than a minimum of twenty-five percent of the applicable maximum per week...." (emphasis added)

The above section, while specifically referring to the percentage of the deceased employee's average weekly wage to which a dependent is entitled, does not state the date to be used in calculating the employee's average weekly wage for the benefit of the dependent.

However, it is well established that disability benefits awarded to an employee and death benefits awarded to an employee's dependents are entirely independent of one another. *See In re Claim of Dick v. Industrial Commission,* 197 Colo. 71, 589 P.2d 950 (1979); 2 A. Larson, *Workmen's Compensation Law* § 64.10 (1982). This rule of independence posits that there are "two distinct rights—one for the benefit of the workman, the other for the benefit of his dependents." *In re Claim of Dick v. Industrial Commission supra.* Therefore, while an *employee's disability benefits* must, under § 8–47–101(3), be calculated using the employee's average weekly wage at the time of his injury, it does not necessarily follow that, to determine the amount of a *dependent's death benefits,*

the employee's average weekly wage must likewise be calculated as of the time of his injury.

In *Richards v. Richards & Richards*, 664 P.2d 254 (Colo.App.1983), this court interpreted the phrase "state average weekly wage" in § 8–50–103, C.R.S. (1985 Cum.Supp.) and held that, by the rule of independence, the state average weekly wage at the time of the employee's death, not at the time of the injury, was controlling in determining the maximum amount that the dependent could receive, regardless of the employee's actual weekly wage. This state average weekly wage is established annually on or before July 1, and automatically forms the basis for establishing maximum benefits under the act. Section 8–46–113, C.R.S. (1985 Cum.Supp.) Although, in *Richards*, the precise question at issue here was not addressed, that case does recognize that a dependent's death benefits are to be determined without reference to the rules governing the employee's disability benefits.

In our view, § 8–47–101(3), C.R.S., addresses only the relatively common situation in which the employee is killed at the time of the accident, and does not cover the situation at issue here, in which death occurred at a later time, after the employee had returned to work. Accordingly, applying the rule of independence and the rationale of *Richards*, we hold that, for purposes of determining a dependent's death benefits, the employee's average weekly wage should be calculated as of the date of his death, and not the date of injury.

Thus, we affirm the Industrial Commission's ruling awarding deceased's wife sixty-six and two-thirds percent of $414.92, the weekly amount deceased was earning in January of 1983. The mere possibility, as argued by petitioners, that the holding in *Richards* may serve at some point to reduce benefits payable to dependents, does not render it contrary to public policy.

Order affirmed.

STERNBERG and BABCOCK, JJ., concur.