THE STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, v. HELEN LODGE, RESPONDENT.

No. 21963

December 6, 1991                    822 P.2d 664

*R. Scott Young,* General Counsel, Carson City; *Nancy K. Richins,* Associate General Counsel, Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Frank Lodge (Frank) was a sheet metal worker, an occupation which involves working with asbestos and fiberglass insulation. In 1976, he became totally disabled with silicosis, a respiratory illness, as a result of his employment. Frank did not file a claim for worker's compensation benefits until December of 1984, when he met another worker with a respiratory disease who was receiving benefits under the Nevada Occupational Diseases Act.[1] Frank's claim was ultimately dismissed by this court, because under NRS 617.460, an application for benefits for silicosis arising out of and occurring within the course of employment must be filed within one year of the date the disability occurred.

On February 25, 1988, Frank died of acute respiratory failure due to emphysema, which an administrative hearing officer ultimately found to be industrially caused and related. Frank's wife, Helen Lodge (Helen), subsequently filed a claim for widow's benefits with the State Industrial Insurance System (SIIS). SIIS denied the claim. The hearing officer affirmed SIIS' decision, finding that the doctrine of res judicata applied with regard to the litigation involving Frank. Helen appealed, and the administrative appeals officer reversed and awarded Helen benefits, concluding that the spouse's benefits are separate and distinct from those of the injured worker and that the doctrine of res judicata does not apply. The district court denied judicial review, and we affirm the district court's decision.

### Statute of Limitations

SIIS argues that the appeals officer improperly applied NRS 617.330 in determining whether Helen had timely filed her claim. SIIS contends that NRS 617.460 is the relevant statute governing the time limitations for silicosis and other diseases related to asbestos. SIIS thus asserts that because Frank failed to file a claim within one year after he knew or should have known of the relationship between the disease and the employment, Helen's recovery is barred by statute.

NRS 617.330 provides:

In all cases of occupational disease or death resulting from occupational disease, *except as otherwise provided in this*

---

[1]At a prior hearing, Frank testified that in 1976, he called the Nevada Industrial Commission (the predecessor to the State Industrial Insurance System) to inquire about filing a claim, and someone informed him that respiratory diseases were not compensable.

*chapter,* a proceeding before the insurer on a claim for compensation is forever barred, unless, within 90 days after the employee has knowledge of the disability and its relationship to his employment, or within 1 year after death occurred, a claim therefore is filed with the insurer.

(Emphasis added.) NRS 617.460 provides an alternative statute of limitations for silicosis and other diseases related to asbestos. NRS 617.460 states in pertinent part:

(1) Silicosis and diseases related to asbestos are occupational diseases and are compensable as such when contracted by an employee and when arising out of and in the course of employment.

(2) Claims for compensation on account of silicosis or a disease related to asbestos are *forever barred* unless application is made to the insurer within 1 year after the date of disability or death *and* within 1 year after claimant knew or should have known of the relationship between the disease and the employment.

(Emphasis added.) NRS 617.460 is thus the applicable statute of limitations in the case at bar. SIIS interprets NRS 617.460(2) as providing the following two conditions precedent to the timely filing of a claim: (1) that application be made within one year after the date of disability or death; and (2) that application be made within one year after the claimant knew or should have known of the relationship between the disease and the employment. SIIS maintains that, in the case at bar, although the first condition was met, the second condition was not, because Frank was aware of the relationship between the disease and the employment in 1976. Helen asserts that the limitations period on a death claim should not commence until the worker actually dies. *See* Gilloon v. Humana, Inc, 100 Nev. 518, 687 P.2d 80 (1984) (decedent's death is an essential element of wrongful death action, and there is no legal injury until death has occurred).

We interpret the statute of limitations to allow recovery up to one year after the husband's death, regardless of whether a claim was made by the employee within one year after the employee knew or should have known of the relationship between the disease and the employment, because the widow's cause of action commences upon the death of her husband.

### Derivative Claim Versus Independent Claim

SIIS argues that Helen's claim is derivative of Frank's claim and that because he was barred from recovery, so should be his

dependents. SIIS urges this court to adopt the minority rule that a widow's right to death benefits is derived from the right of her deceased husband.[2] Helen responds that a widow's right to death benefits is separate and distinct from her husband's rights to disability benefits, and that an employee's failure to claim his benefits within the time limits should not affect the rights of his dependents.

In Nevada, a widow is provided worker's compensation death benefits under NRS 616.615. Whether the widow's claim is independent from or derivative of her husband's claim is a question of first impression for this court. The issue has been decided in most states and discussed as follows in Larson's *Workmen's Compensation Law:*

> Death claims present one special question, however, which is the problem of the extent to which death claims should be barred by omission of the original notice of injury or by failure of the employee himself to make a claim within the original claims period. Although the question has had comparatively little attention, the employee's failure to make claim has usually been held immaterial.
>
> There are several routes by which to approach the question of failure to file the injury claim in time. The usual argument is that the injury claim and the death claim are entirely independent of each other, and that the dependent's rights cannot be affected by the employee's omission to claim, because the dependent is claiming in his own right. . . . But compensation legislation is a system of benefits one of whose independent social objectives is to prevent destitution among dependents of workmen who lose their lives in industrial activity. There is nothing in such legislation to give the slightest support to a suggestion that the widow "derives" her rights through a valid "cause of action" belonging to her husband at the time he died.

2B Larson, *Workmen's Compensation Law* § 78.62 (1990) (footnotes omitted).[3]

---

[2] Winston v. City of Richmond, 83 S.E.2d 728, 732 (Va. 1954) exemplifies the view of a small minority. In *Winston,* the Virginia court, when confronted with a statute similar to NRS 617.460, concluded that, when strictly applied, the statute clearly and unambiguously barred recovery.

[3] Many courts have held in favor of the dependents, regardless of the employee's failure to make a timely claim. *See, e.g.,* Garcia v. Industrial Commission of Arizona, 685 P.2d 1336 (Ariz.App. 1984); Claimants of Hampton v. Director of Division of Labor, 500 P.2d 1186 (Colo.App. 1972); American Radiator & Standard Sanitary Corp. v. Gerth, 375 S.W.2d 817 (Ky. 1964); Ingalls Shipbuilding Corp. v. Dependents of Harris, 187 So.2d 886 (Miss. 1966); Pedrazza v. Sid Fleming Con., Inc., 607 P.2d 597 (N.M.

Berkebile v. Worker's Comp. App. Bd., 144 Cal.App.3d 940 (Cal.Ct.App. 1983), is a typical example of the majority rule. In *Berkebile,* the court considered a statute similar to NRS 617.460 and concluded that no statute should be interpreted in a manner which would result in a right being lost before it accrues. The court thus allowed the dependent to recover benefits, even though the employee's claim had been barred by the statute of limitations.

The primary purpose of Nevada worker's compensation laws is to provide economic assistance to persons who suffer disability or death as a result of their employment. SIIS v. Jesch, 101 Nev. 690, 693-695, 709 P.2d 172, 175 (1985) (fact that husband died of asbestos-related mesothelioma and had not been exposed to asbestos for over ten years did not bar death benefits to widow, notwithstanding literal reading of NRS 617.460(4) and NRS 617.470). Moreover, "[t]his court has a long-standing policy of liberally construing these laws to protect workers and their families." *Jesch,* 101 Nev. at 694, 709 P.2d at 175. Because it is undisputed that Frank died as a result of his work-related illness, we conclude that his failure to make a timely claim for disability benefits while he was alive does not affect Helen's rights to death benefits. A logical interpretation of NRS 617.460 is that the "claimant" is the widow or dependent, and the knowledge that the disease caused the death arises only upon the death of the injured employee. We therefore affirm the decision of the district court.

1980); Fossum v. State Acc. Ins. Fund, 619 P.2d 233 (Or. 1980); Parks v. Winkler, 184 A.2d 124 (Pa. 1962); Martinez v. Industrial Commission of Utah, 720 P.2d 416 (Utah 1986).