Sherlyn N. KONSTANTOPOULOS and
Dimos Konstantopoulos, Plaintiffs
Below–Appellants,

v.

WESTVACO CORPORATION, Defendant
Below–Appellee.

No. 115, 1996.

Supreme Court of Delaware.

Submitted July 22, 1996.
Decided Oct. 2, 1996.

Norman M. Monhait, Rosenthal Monhait Gross & Goddess, P.A., Wilmington (Diana S. Donaldson (argued), pro hac vice, and Kaethe B. Schumacher, Schnader Harrison Segal & Lewis, Philadelphia, PA, of counsel), for Plaintiffs Below–Appellants.

Donald E. Reid (argued), and Andrea L. Rocanelli, Morris Nichols Arsht & Tunnell, Wilmington, for Defendant Below–Appellee.

Before VEASEY, C.J., HARTNETT and BERGER, JJ.

HARTNETT, Justice.

We consider two questions of law certified to this Court by the United States Court of Appeals for the Third Circuit.[1] The dispositive issue presented in the certified questions is whether, under the facts presented, the Delaware Workers' Compensation Act ("the Act"), precludes an employee from asserting a common law tort claim against her employer for a claim of sexual harassment on the job by fellow employees. We find that it does.

---

1. The certification is pursuant to Article IV, Section 11(9) of the Delaware Constitution and Delaware Supreme Court Rule 41.

## I.

The certified questions are:

(1) Are an employee's claims against her employer for intentional infliction of emotional distress and sexual assault and battery caused by acts of sexual harassment performed by co-employees arising out of and in the course of employment, and not based on any events occurring outside the course of employment, barred by the Delaware Workmen's Compensation Act, Del. Code Ann. tit. 19, § 2301 *et seq.* (1985), or may they be included in the exception to the Act found at Del.Code Ann. tit. 19 § 2301(15)(b)? Does the applicability of this exception depend in whole or in part on the subjective intent of the employee or employees who engage in the harassment?

(2) If these claims are included in the exception found at Del.Code Ann. tit. 19 § 2301(15)(b), may the employer be held liable based on the doctrine of *respondeat superior?*

■ In response to the questions posed in the first sentence of the first certified question, we conclude: (1) Under the Delaware Workers' Compensation Act, 19 Del.C., Ch. 23, an employee's claim against her employer for personal injuries sustained during the course of employment, even if the offending conduct was of a sexual nature, is limited to the compensation provided by the Act; and (2) The "personal dispute exception" to the Act contained in 19 Del.C. § 2301(15)(b) is not implicated under the facts presented in the certification. These conclusions render both the remainder of the first question and the second certified question moot and ends our analysis.

## II.

Sherlyn Konstantopoulos was employed by Westvaco Corporation ("Westvaco") at a box manufacturing factory in Newark, Delaware.[2]

While working at Westvaco, she was repeatedly harassed by her co-workers. This harassment consisted of sexual innuendos and other sexually motivated behavior, but Ms. Konstantopoulos was not physically injured by this conduct. She had no prior or subsequent contact with the offending individuals outside of work. Although Ms. Konstantopoulos complained of this conduct to her supervisors, it was never adequately rectified.

Ms. Konstantopoulos elected to take a layoff from her job after this harassment persisted. Subsequently, she and her husband filed suit in the United States District Court for the District of Delaware, alleging that Westvaco was liable for sexual harassment, sexual discrimination and sexual assault in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and for intentional infliction of emotional distress and assault and battery under Delaware common law.

The United States District Court dismissed the state law claims, finding that those claims were barred by the Delaware Workers' Compensation Act. After prevailing on the Title VII claim, the Konstantopouloses appealed the dismissal of the state law claims to the United States Court of Appeals for the Third Circuit. The appeal was argued on January 10, 1996 and, on March 8, 1996, the Court of Appeals issued a Certificate of Questions of Law to this Court, which was accepted on March 19, 1996.

## III.

■ Unless a personal injury claim is expressly excluded by another section of the Delaware Workers' Compensation Act, 19 Del.C. § 2304 limits an employee's recovery for personal injuries arising out of and during the course of employment to the compensation provided under the Act, thereby excluding all other claims against the employer.[3] *Mergenthaler v. Asbestos Corp. of*

---

2. The facts are as set forth in the Certificate of Questions of Law submitted by the United States Court of Appeals for the Third Circuit.

3. 19 Del.C. § 2304 provides: "Every employer and employee, adult and minor, except as ex-

pressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negli-

*America,* Del.Supr., 480 A.2d 647, 650 (1984). "... [A]n injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment, or has a reasonable relationship to it." *Dravo v. Strosnider,* Del.Supr., 45 A.2d 542, 544 (1945). Mental injury is included among the personal injuries compensable under the Act. *State v. Cephas,* Del.Supr., 637 A.2d 20, 29 (1994).

 The Act is intended "to provide a scheme for assured compensation for work-related injuries without regard to fault and to relieve employers and employees of the expenses and uncertainties of civil litigation." *Kofron v. Amoco Chem. Corp.,* Del.Supr., 441 A.2d 226, 231 (1982); *accord Histed v. E.I. Du Pont De Nemours & Co.,* Del.Supr., 621 A.2d 340, 342 (1993).

 No exclusion exists in the Act for injuries caused by sexual harassment or sexual assault. *Cf. Rose v. Cadillac Fairview Shopping Center Properties (Delaware) Inc.,* Del.Super., 668 A.2d 782, 790–91 (1995) (finding that the exclusivity provision of workers' compensation law barred a personal injury suit brought against the employer by an employee who was raped, because the injury arose out of and in the course of employee's work), *aff'd sub nom. Rose v. Sears, Roebuck & Co.,* Del.Supr., Nos. 371, 1995 & 390, 1995, Veasey, C.J. (Feb. 23, 1996), 676 A.2d 906 (ORDER). Because the Act does not contain any provision excluding sexual harassment claims, an employee cannot maintain a common law action against her employer for personal injury caused by the on-job sexual harassment by co-employees.

### IV.

 In reaching this conclusion, we find that the personal dispute exception contained in 19 Del.C. § 2301(15)(b) does not remove the conduct set forth in the certified question from the exclusivity provision of the Delaware Workers' Compensation Act. Subsection 2301(15)(b) excludes from coverage under the Act "... any injury caused by the wilful act of another employee directed against the employee by reasons personal to

gence and to the exclusion of all other rights and

such employee and not directed against the employee as an employee or because of the employee's employment." Because injuries falling under this exception are not compensable by workers' compensation benefits, they may be the subject of an independent lawsuit. *See* 1 Arthur Larson, *Workmen's Compensation Law* § 11.20 (1993).

 The personal dispute exception, however, has no bearing on the issues presented in the certified questions. By its terms, 19 Del.C. § 2301(15)(b) is restricted to an injury that is caused by conduct with origins outside of the work place. The first certified question, by its terms, is limited to conduct "arising out of and in the course of employment" and "not based on any event occurring outside of the workplace." This type of conduct clearly does not fall within the exclusion provided for an act "... **not directed against the employee as an employee or because of the employee's employment.**" 19 Del.C. § 2301(15)(b) (emphasis added). *Spielberg v. State,* Del.Supr., 558 A.2d 291 (1989) (holding that if the intent of the legislature is clearly reflected in the statute the text of the statute controls).

### V.

 The Delaware Workers' Compensation Act is interpreted liberally so as to effectuate its remedial purpose. *Cephas,* 637 A.2d at 25; *Histed,* 621 A.2d at 342. Our construction of 19 Del.C. § 2301(15)(b) is compatible with the purpose of the Workers' Compensation Act because it helps "to relieve employers and employees of the expenses and uncertainties of civil litigation," *Kofron,* 441 A.2d at 231. It is also consistent with other cases in which courts have held that the willful action of a third party which causes injury to an employee is compensable under workers' compensation laws so long as those actions are not completely unrelated to the conditions existing in, or created by, the workplace. *See e.g., Rose,* 668 A.2d at 789–90; *Knox v. Combined Ins. Co. of America,* 542 A.2d 363, 365–66 (Me.Supr., 1988); *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 772 (Mo.Ct.App., 1983); *Helton v. Inter-*

remedies."

state Brands Corp., 155 Ga.App. 607, 271 S.E.2d 739, 740–41 (1980); cf. Ward v. General Motors Corp., Del.Super., 431 A.2d 1277, 1280 (1981) (claim not covered under Workers' Compensation Act when employee injuries resulted from assault by another employee where the other employee's actions were not necessary or related to duties of his job and none of the duties of either employee required them to work together or to be in close proximity with each other).

### VI.

■ It would not be appropriate for us to create a new exception to the Delaware Workers' Compensation Act for sexual harassment claims. See Green v. Wyman–Gordon Co., 422 Mass. 551, 664 N.E.2d 808 (1996) (holding that exclusivity provision of workers' compensation statute barred common law tort claims for what was essentially sexual harassment); Fernandez v. Ramsey County, 495 N.W.2d 859 (Minn.Ct.App., 1993) (same); Knox, 542 A.2d 363 (same). Contra, Kerans v. Porter Paint Co., 61 Ohio St.3d 486, 575 N.E.2d 428 (1991); Byrd v. Richardson–Greenshields Securities, Inc., 552 So.2d 1099, 1103–04 and n. 7 (Fl.Supr., 1989). It is not our role to assume the prerogative of the General Assembly and change the comprehensive statutory framework crafted by it for compensating employment related injuries by creating an exception for sexual harassment. "[A]ny changes in Delaware Workers' Compensation Law must come from the Legislature...." Kofron, 441 A.2d at 231.

### VII.

■ This finding does not preclude relief for an employee under Delaware law for sexual harassment that occurs in the work place. Sexual harassment may give rise to a workers' compensation claim and it may be actionable under 19 Del.C. § 711 which, like the parallel federal statute, prohibits discriminatory employment practices. Delaware law does, however, preclude the state law claims asserted by Mr. and Mrs. Konstantopoulos against Westvaco in the federal suit.

### VIII.

The second part of the first certified question relates to the intent requirement of 19 Del.C. § 2301(15)(b). As we find that the conduct depicted in the first question cannot fall within the exception contained in 19 Del.C. § 2301(15)(b), we decline to consider that issue. See U.S. v. Anderson, Del.Supr., 669 A.2d 73, 79 (1995).

We also decline to answer certified question No. 2. We have found that the personal exception in 19 Del.C. § 2301(15)(b) is not implicated because the employee's injuries were not occasioned by conduct completely unrelated to the activities of the workplace. We are, therefore, prevented from considering whether that section may give rise to employer liability under the doctrine of respondeat superior, as the resolution of that issue is not necessary for the U.S. Court to reach this issue. See Supr.Ct.R. 41(b); U.S. v. Anderson, supra; In re 1982 Honda, Del. Supr., 681 A.2d 1035, 1039, Veasey, C.J. (1996).

In conclusion, under existing Delaware law, an employee's recovery against an employer for personal injuries sustained during the course of employment and arising out of employment is limited to those remedies provided under the Delaware Workers' Compensation Act, even if those personal injuries are the result of conduct recognized as sexual harassment.