Mary HIRNEISEN, Claimant Below, Appellant,

v.

CHAMPLAIN CABLE CORP., (formerly known as Haveg Industries), Employer Below, Appellee.

No. 211,2005.

Supreme Court of Delaware.

Submitted: Dec. 7, 2005.

Decided: Jan. 17, 2006.

Thomas C. Crumplar (argued) and Elizabeth B. Lewis, of Jacobs & Crumplar, P.A., Wilmington, DE, for Appellant.

Anthony M. Frabizzio (argued) and Stephen J. Milewski, of Heckler & Frabizzio, P.A., Wilmington, DE, for Appellee.

Harvey B. Rubenstein (argued), Christopher J. Curtin and William Erhart, for Amicus Curiae, Delaware Trial Lawyers Association.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the court en Banc.

RIDGELY, Justice:

This is an appeal from a judgment of the Superior Court that affirmed a decision of the Industrial Accident Board ("IAB" or "Board") to deny Appellant–Claimant Mary Hirneisen ("Claimant" or "Mrs. Hirneisen") death benefits under 19 Del.Code Section 2330 for the work-related death of her husband. The deceased employee, John Hirneisen ("Employee"), voluntarily retired and was neither receiving, nor entitled to receive, wage replacement benefits for his exposure to asbestos while in the employ of Haveg Industries ("Employer").[1] Mrs. Hirneisen claims that the Superior Court erred in holding that the General

---

1. Champlain Cable Corporation is the successor-in-interest to Haveg Industries.

Assembly intended spousal death benefits only to be a wage replacement benefit. We agree and hold that a worker's spouse has an independent right to death benefits because of the plain language of the statute. For that reason and because Mrs. Hirneisen satisfies all the statutory requirements for recovering death benefits, we reverse the judgment of the Superior Court.

## I.

John Hirneisen died in March 2003 from lung cancer caused by his occupational exposure to asbestos. He worked for Employer from 1940 until 1981 when he voluntarily retired. Upon retirement, he received a pension from Employer and did not seek further employment. He had opted at the time of his retirement to receive a single life annuity pension that would cease upon his death. Both Employee and Claimant received social security retirement benefits based on their respective work histories. Claimant testified that Employee had retired because he was eligible to retire and that in essence he had removed himself from the workplace. Employee never filed a Workers' Compensation claim—or any type of legal claim—against Employer related to his asbestos exposure.[2]

██ Claimant's appeal challenges the Superior Court's holding that "[t]he plain meaning of Section 2330 compels this Court to hold that the voluntary retirement and removal from the workplace of a decedent/employee may potentially disqualify a surviving spouse from eligibility for benefits under 19 Del.Code Section 2330 even where the death was caused by an occupational disease."[3] The principal question before us is whether Section 2330 provides the spouse of a deceased worker an independent right to recover death benefits. For the reasons explained below, we hold that under Section 2330, a surviving spouse can recover death benefits independently and irrespective of whether the deceased employee received wages or disability benefits arising from the occupational injury or disease that caused his death.

## II.

Claimant argues that under Section 2330, there are only two requirements to receive benefits: (1) that the death was work related, and (2) that the beneficiary falls within one of the statutory categories. Claimant contends that there is no explicit requirement in 19 Del. C. Section 2330, nor elsewhere in the Act, "that a beneficiary must prove that the deceased was working at the time of his death to receive compensation."[4]

The IAB concluded that retirement disqualifies an employee from receiving workers' compensation benefits.[5] The Board further concluded that Mrs. Hirneisen is not entitled to spousal benefits because her husband was not receiving, nor was he entitled to receive, wage replacement benefits.

Affirming the denial of Section 2330 benefits, the Superior Court stated:

> This Court affirms the decision of the Board in this case denying Section 2330 "death benefits" to Claimant because Employee had voluntarily retired in a

---

2. *Hirneisen v. Champlain Cable Corp.*, 2005 WL 1231514, *1, 2005 Del.Super. Lexis 177, *3–4 (footnotes omitted).

3. *Id.* at *9, 2005 Del.Super. Lexis 177 at *36.

4. Appellant's Amended Opening Brief at p. 9.

5. *See Chrysler Corp. v. Kaschalk*, 1999 WL 458792 at *3 (Del.Super.) (citing *Sharpe v. W.L. Gore & Assoc.*, 1998 WL 438796 (Del.Super.)).

"traditional" sense (thereby removing himself from the workforce) and not due to his work related injury... The plain meaning of Section 2330 compels this Court to hold that the voluntary retirement and removal from the workplace of a decedent/employee may potentially disqualify a surviving spouse from eligibility for benefits under 19 Del. C. Section 2330 even where the death was caused by an occupational disease.[6]

Our review of the Superior Court's decision is de novo because

[s]tatutory interpretation is ultimately the responsibility of the courts. A reviewing court may accord due weight, but not defer, to an agency interpretation of a statute administered by it. A reviewing court will not defer to such an interpretation as correct merely because it is rational or not clearly erroneous.[7]

### III.

This Court has recognized that Delaware courts are to interpret the Delaware Workers' Compensation Act liberally so as to effectuate its remedial purpose.[8] One treatise notes and we agree that:

In order to realize the fullest possible potential of the humane and beneficial purposes of workers' compensation statutes, courts have accorded them a generally liberal interpretation... The liberal interpretation is used to resolve any reasonable doubts in favor of the worker because it was for the workers' benefit that the act was passed.[9]

The parties agree that the exclusive remedy for John Hirneisen's work-related death is under the Worker's Compensation Act.[10] "The Act is intended to provide a scheme for assured compensation for work-related injuries without regard to fault and to relieve employers and employees of the expenses and uncertainties of civil litigation."[11] With respect to a spouse who survives an employee killed as a result of a workplace injury, Section 2330(a) is clear in its command: "[i]n case of death, compensation shall be computed on the following basis and distributed to the following persons..." Section 2230(a) makes compensation conditional only "in case of death." The question is whether the Section 2330's condition of "death" means, "death only while working," thus entitling the employee's survivors to a benefit to replace the foregone wages of the deceased employee. In other words, we must determine whether Section 2330's death benefits are intended to constitute wage replacement benefits.

Section 2330(a)(1) provides that in case of an employee's death, the spouse is entitled to 66⅔% of wages. Section 2330(d)(1) states that the surviving spouse is entitled to benefits if she was living with the deceased at the time of his death. There are no explicit exceptions for em-

---

6. *Hirneisen v. Champlain Cable Corp.*, 2005 WL 1231514 at *9, 2005 Del.Super. Lexis 177, *36

7. *See Public Water Supply Co. v. DiPasquale*, 735 A.2d 378, 382–383 (Del.1999) (footnote omitted). *See also United Water Delaware, Inc. v. PSC*, 723 A.2d 1172, 1174 (Del.1999); *Anchor Motor Freight v. Ciabattoni*, 716 A.2d 154 (Del.1998).

8. *Konstantopoulos v. Westvaco Corp.*, 690 A.2d 936, 939 (Del.1996) (*citing State v. Cephas*, 637 A.2d 20, 25 (Del.1994)).

9. 2A Norman J. Singer, *Sutherland Statutory Construction* (6th Ed. 2000) § 75:3 at 26.

10. 19 *Del. C.* § 2304; *Mergenthaler v. Asbestos Corp. of America*, 480 A.2d 647 (Del.1984).

11. *Id.* (quoting *Kofron v. Amoco Chem. Corp.*, 441 A.2d 226, 231 (Del.1982)) (internal quotations omitted).

ployees who have retired or who have received pension benefits. Here, the statutory conditions are satisfied, there being no explicit exceptions. Therefore, the plain language of the statute entitles Mary Hirneisen to compensation for the work-related death of her husband, John Hirneisen.

We recognize that a latency period may postpone the diagnosis of a work-related injury until after an employee has stopped working. Section 2301(6) defines "death" in a way that supports a liberal application in this case.[12] Here, the Employer had a history of compensating the Employee for his injury. The Superior Court held that if John Hirneisen had sought medical benefits while he was alive, he would have been eligible for those medical benefits because of his occupational disease. John Hirneisen did not pursue compensation for his lung cancer because the cancer did not manifest itself until months before it caused his death. The employer paid Hirneisen a pension after early retirement, paid for his medical monitoring, and paid for his funeral expenses. It is undisputed that John Hirneisen's death was caused by his work-related injury.

 On the issue of whether the legislative intent was to limit a spouse's death benefits only for the purpose of replacing wages currently earned, we hold that spousal death benefits are not intended as, or limited to, wage replacement benefits.

Therefore, a spouse may collect death benefits after an employee's retirement and death so long as the spouse meets the explicit statutory requirements.

## IV.

The second issue in this case is related to the first. Claimant's appeal requires this Court to decide whether Section 2330 death benefits exist *independent* of a decedent-spouse's entitlement (or lack thereof) to disability benefits. Although Mr. Hirneisen's voluntary retirement and his subsequent failure to seek disability benefits weigh against awarding Claimant death benefits under Section 2330,[13] voluntary retirement is only one factor to consider in determining whether an employee is entitled to disability benefits under Delaware law. We hold that the spouse of the deceased employee has an independent entitlement to death benefits.

 The purpose of Delaware's Workers' Compensation Statute is to provide a scheme for assured compensation for work-related injuries without regard to fault, and to relieve employers and employees of the expenses and uncertainties of civil litigation. Work-related injuries are compensable under the statutory framework. Occupational diseases, including lung cancer arising from the exposure to asbestos, are also compensable work-related injuries. The Workers' Compensation statute is clear that occupational dis-

---

**12.** 19 Del. C. § 2301(6).

"Death" when mentioned as a cause for compensation under this chapter means death resulting from violence to the physical structure of the body and its resultant effect when reasonably treated and occurring within 285 weeks after the accident, and compensable occupational diseases, as defined in this section, arising out of and in the course of the employment, provided that if death shall occur beyond 285 weeks after the accident, *the Board may consider such death as a cause for compensation*

*when the Board has a medical history on the case resulting from the payment of compensation for the injury which is alleged to have caused the death.* (emphasis added).

**13.** Delaware case law has previously noted that voluntary retirement from the workplace may disqualify an employee from disability benefits. *See General Motors Corp. v. Willis,* 2000 WL 1611067 (Del.Super.Ct.); *Chrysler Corp. v. Kaschalk,* 1999 WL 458792 (Del.Super.Ct.); *Sharp v. W.L. Gore & Assocs.,* 1998 WL 438796 (Del.Super.Ct.).

eases are to be treated the same as workplace injuries.[14]

Our holding that a spouse has an independent entitlement to death benefits is in harmony with other jurisdictions, which have held that a spouse has an independent right to compensation for death benefits through workers' compensation.[15] While several of these decisions were based in part on express provisions in the applicable statute making injuries compensable after retirement, the majority recognize, as we have, that a liberal construction is required in favor of a claimant.[16]

## V.

Claimant is entitled to death benefits under 19 Del.Code Section 2330 for the work-related death of her husband. Therefore, the judgment of the Superior Court is reversed and this matter is remanded for further proceedings consistent with this opinion.

---

**14.** 19 Del. C. § 2328. Compensation for death or disability from an occupational disease. The compensation payable for death or disability total in character and permanent in quality resulting from an occupational disease shall be the same in amount and duration and shall be payable in the same manner and to the same persons as would have been entitled thereto had the death or disability been caused by an accident arising out of and in the course of the employment...

**15.** *See, e.g., State Indus. Ins. Sys. v. Lodge,* 107 Nev. 867, 822 P.2d 664 (1991) (The Nevada Supreme Court held a widow's claim was independent from, rather than derivative of, worker's claim.); *Thompson v. Ohio Edison Co.,* 85 Ohio St.3d 290, 707 N.E.2d 940 (1999) (death benefits are appropriate for a widow of an employee who developed and died from asbestos-related cancer after retirement because the statute—similar to 19 Del. C. § 2330—provided for calculations of spousal benefits independent of the decedent's actual wages); *Johnson v. City of Lake Charles,* 883 So.2d 521 (La.App. 3 Cir.2004) (spouse awarded death benefits when employee was diagnosed and died of lung cancer two decades after retirement because the state statute—similar to 19 Del. C. § 2328—con-

tained no requirement that an employee be gainfully employed at the time of death for benefits to be due, and a contrary holding would contradict legislative intent); *Richards v. Richards & Richards,* 664 P.2d 254 (Colo. App.1983) (holding disability benefits awarded to worker and death benefits awarded to worker's dependents are entirely independent of one another). *See also, Green v. General Dynamics Corp. Electric Boat Division,* 245 Conn. 66, 712 A.2d 938 (1998) (Connecticut Supreme Court held average wages were not zero despite retirement when decedent employee died of asbestos-related injuries 11 years after retirement from employer and 4 years after he stopped working completely.).

**16.** We note an analogy under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C.A. § 933(g)(1). The U.S. Supreme Court has held that "before an injured worker's death, the worker's spouse is not a 'person entitled to compensation' for death benefits within the meaning of LHWCA § 33(g) and does not forfeit the right to collect death benefits under the Act for failure to obtain the worker's employer's approval of settlements entered into before the worker's death". *Ingalls Shipbuilding v. Director,* 519 U.S. 248, 261–262, 117 S.Ct. 796, 136 L.Ed.2d 736 (1997).