# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALICIA WEDDLE, as Personal
Representative of the Estate of
JOSEPH GONZON, Deceased,

      Claimant/Appellant,

v.

BP AMOCO CHEMICAL
COMPANY,

      Employer, Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N18A-06-004 ALR

Submitted: February 1, 2019
Decided: April 26, 2019

*On Appeal from the Industrial Accident Board*
**REVERSED and REMANDED**

## OPINION

David T. Crumplar, Esquire, Patrick C. Gallagher, Esquire, Jacobs & Crumplar, P.A., Attorneys for Appellant.

Paul A. Bradley, Esquire, Antoinette D. Hubbard, Esquire, Maron Marvel Bradley Anderson & Tardy LLC, Attorneys for Appellee.

**Rocanelli, J.**

This is an appeal from a decision of the Industrial Accident Board ("IAB") dismissing a petition to determine compensation due for an employee's asbestos-related disease on the grounds that the employee waived all workers' compensation claims arising from asbestos exposure in the workplace, both known and unknown, in a settlement thirty-four years prior to manifestation of the disease. The question of whether an employee is entitled to workers' compensation for mesothelioma despite settling claims for asbestosis more than thirty years previously has not previously been addressed by this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Joseph Gonzon ("Employee") was an employee of BP Amoco Chemical Corporation ("Employer").[1] During the period of employment from 1968–1980, Employee was exposed to asbestos and developed asbestosis. In 1982, Employee settled his claims for work-related asbestosis ("1982 Settlement"). Thereafter, in November 2016, Employee was diagnosed with peritoneal mesothelioma. In April 2017, Employee filed a claim for workers' compensation for mesothelioma developed as the result of exposure to asbestos in the workplace ("Mesothelioma Petition"). Employee died on September 28, 2017 as the result of peritoneal mesothelioma. Employee is survived by his wife. In his Mesothelioma Petition,

---

[1] It is undisputed that Employee formerly worked for Avisun, which is now owned by BP Amoco Corporation.

1

Employee sought a finding of compensability for his mesothelioma as well as a claim for death benefits for his surviving spouse.

Employer filed a motion to dismiss the Mesothelioma Petition on the grounds that Employee was not entitled to additional compensation because Employee had released all claims related to asbestos exposure against Employer in 1982. Employee claimed that the 1982 Settlement pertained only to the earlier manifested asbestosis as set forth in a workers' compensation claim as well as a tort claim. After a hearing, the IAB issued a decision on May 24, 2018 dismissing Employee's Mesothelioma Petition on the grounds that the 1982 Settlement precluded Employee from seeking additional compensation related to asbestos exposure ("Mesothelioma Decision").[2] This appeal followed in which the question presented is whether Employee's mesothelioma, diagnosed in November 2016, was included in the 1982 Settlement.

## STANDARD OF REVIEW

This Court has jurisdiction over appeals from administrative agencies, including appeals from the IAB.[3] This Court's appellate role is limited to determining whether the IAB's conclusions are supported by substantial evidence

---

[2] *Gonzon v. BP Amoco Chem. Co. and Kraft Food Inc.*, Appeal No. 1456181 & 1456182 (Del. I.A.B. May 24, 2018).
[3] 29 *Del. C.* § 10142(a).

2

and free from legal error.[4]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5]  The Court reviews the IAB's legal determinations *de novo*, which "requires the Court to determine whether the Board erred in formulating or applying legal principles."[6]  "Absent errors of law, however, the standard of appellate review of the IAB's decision is abuse of discretion."[7]

## DISCUSSION

I.    **The IAB Incorrectly Ruled that Mesothelioma is a Change in Condition When it is Legally a New Accident Because Delaware is a Multi-Disease Jurisdiction.**

Cumulative disease cases are unlike other work-related injuries.  Given the life-consuming maturation of the harm from asbestos exposure, an employee may develop a series of asbestos-related diseases over time.[8]  Accordingly, Delaware has adopted a multi-disease approach, treating each distinct diagnosis attributable to

---

[4] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[5] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[6] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006); *Estate of Fawcett v. Verizon Delaware, Inc.*, 2007 WL 2142849 (Del. Super. July 25, 2007).

[7] *Glanden*, 918 A.2d at 1101 (citing *Digiacomo v. Bd. of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986)).

[8] *DaBaldo v. URS Energy & Const.*, 85 A.3d 73, 77-78 (Del. 2014); *Sheppard v. A.C. & S. CO., et al.*, 498 A.2d 1126, 1134 (Del. Super. May 16, 1985), *aff'd*, 503 A.2d 192 (Del. 1986).

asbestos exposure as a separate claim.[9]  This approach takes into account the unique problem of latent disease cases where the same exposure may lead to separate and distinct diseases, the symptoms of each manifesting years apart.[10]

In *Sheppard v. A.C. & S. CO., et al.*, this Court specifically addressed an employee who was exposed to asbestos in the workplace and who first contracted asbestosis, a non-malignant pulmonary disease with an average latency period of 17 years, and later also contracted mesothelioma, a malignant disease with an average latency period of 25-40 years.[11]  In *Sheppard*, this Court held, and the Delaware Supreme Court affirmed, that the statute of limitations began to run at different times for each diagnosis based upon when the employee knew or should have known that his physical condition was attributable to asbestos exposure.[12]  Similarly, in *DaBaldo v. URS Energy & Const.*, the Delaware Supreme Court ruled that the statute of limitations for an employee's asbestosis claim did not begin to run until the employee learned of his diagnosis.[13]

Here, in the Mesothelioma Decision, the IAB incorrectly equated the diagnosis of future occupational diseases to the progression, worsening, or change of condition that is commonly seen with other work-related injuries.  Employee was

---

[9] *DaBaldo*, 85 A.3d at 77.
[10] *Sheppard*, 498 A.2d at 1132.
[11] *Id.*
[12] *Id.* at 1134.
[13] *DaBaldo*, 85 A.3d at 80.

diagnosed with mesothelioma thirty-four years after settling his asbestosis claim with Employer. While asbestosis and mesothelioma may both be caused by asbestos exposure, they are two different diseases.[14] In light of decisional law declaring Delaware a multi-disease jurisdiction, Employee's manifestations of each disease, and not the exposure to asbestos, are considered separate accidents for purposes of workers' compensation. Employee's diagnosis of mesothelioma thirty-four years after the settlement of his asbestosis claim is not a changed condition of the same asbestos-related injury; rather, it is a new accident for which Employee has a separate claim. Accordingly, the IAB made an incorrect legal determination by finding that the exposure to asbestos is the accident and that the manifestation of mesothelioma is simply a change of Employee's condition. Instead, development of mesothelioma is a separate and distinct accident for which Employee is entitled to workers' compensation.

## II. The IAB Made Incorrect Legal Determinations by Resolving Contractual Ambiguity Against the Employee and by Misapplying Settled Law on Statute of Limitations.

In 1982, Employee settled claims for work-related exposure to asbestos with Employer, including tort claims and workers' compensation claims. At that time, Employee had developed asbestosis. In connection with the 1982 Settlement,

---

[14] *Id.* at 78.

Employee and Employer executed a tort release,[15] a workers' compensation release ("Workers' Compensation Release"), and a declaration of dismissal ("Declaration") that was filed with the IAB on May 11, 1982. Employee's only pending workers' compensation claim was for asbestosis ("Asbestosis Petition"). The IAB dismissed Employee's Asbestosis Petition and "all claims relating to this cause of action."[16]

As specified by the Workers' Compensation Act, an employer may only be relieved of workers' compensation liability by agreement between the parties or by an award by the IAB.[17] An agreement between the employer and the injured employee is binding once it is filed and approved by the IAB.[18] Generally, the Workers' Compensation Act preserves an employee's right to petition the IAB for additional compensation after a settlement agreement is approved if there is a change in the employee's physical condition.[19] This Court has ruled that an employee may

---

[15] Delaware recognizes the validity of general releases in relation to personal injury claims, which "are executed to resolve the claims the parties know about as well as those that are unknown or uncertain." *Hicks v. Sparks*, 2014 WL 1233698, at * 2 (Del. Mar. 25, 2014). Here, there is no dispute that the tort release is valid and Employee waived all future common law claims with respect to asbestos exposure in the workplace.

[16] *Gonzon v. Amoco Chemicals Corp.* (Del. I.A.B. Oct. 12, 1982).

[17] 19 *Del. C.* § 2305; *English v. Reed Trucking*, 2016 WL 3637341, at *7 (Del. Super. Mar. 24, 2016) (citing *Ellison v. City of Wilmington*, 301 A.2d 303, 306 (Del. Super. 1972); *Am. Commc'n Installations, Ltd. V. DiNorscia*, 1985 WL 552196, at *4 (Del. Super. Sept. 10, 1985) (explaining that any exception from liability must be specified by the Workers' Compensation Act).

[18] 19 *Del. C.* § 2344(a).

[19] 19 *Del. C.* § 2347.

agree to release an employer's obligation to pay compensation for an acknowledged work-related injury.[20]

Employee's Workers' Compensation Release, which specifically referenced Employee's asbestosis claim, states that it "settled all claims" arising out of Employee's injury related to exposure to asbestos.[21] Employee's Workers' Compensation Release goes on to state that, only for the purpose of releasing Employee's workers' compensation case with Employer, "any and all claims for workmen's [*sic*] compensation benefits resulting from asbestos exposure of any kind, based upon employment with [Employer], are barred for workmen's [*sic*] compensation purposes by the one (1) year Statute of Limitations."[22]

With respect to its applicability to Employee's Mesothelioma Petition, the IAB found that the Workers' Compensation Release was ambiguous and resolved that ambiguity against Employee. The IAB also improperly applied the law on statute of limitations. These conclusions are legally incorrect.

First, the IAB found Employee's Workers' Compensation Release to be ambiguous. Specifically, the IAB could not determine which claims were intended to be released by the parties. The IAB stated that the language of the Workers' Compensation Release seemed broad enough to preclude future workers'

---

[20] *Chavez v. David's Bridal*, 979, A.2d 1129, 1134 (Del. Super. 2008).
[21] Workers' Compensation Release at 1.
[22] *Id.*

compensation claims arising from Employee's asbestos exposure, but acknowledged "it is unclear how the parties could stipulate that, for example, a claim for mesothelioma that would not exist until 2016 was barred by a one-year statute of limitations in 1982."[23] Then, the IAB resolved the ambiguity in favor of Employer by reference to the Declaration which bars future claims for "all unknown injuries and damages arising out of and from employment, as well as those injuries and damages that are not known that may arise from alleged asbestos-related occupational diseases arising out of and from employment and/or exposure to asbestos...."[24] The IAB was incorrect as a matter of law to resolve any ambiguity in favor of Employer. Under the Delaware Workers' Compensation scheme, the IAB must resolve ambiguity in favor of the worker.[25] Once ambiguity in the Workers' Compensation Release is resolved in favor of Employee, the Workers' Compensation Release is applicable only to Employee's Asbestosis Petition and does not waive Employee's right to workers' compensation for a new and different asbestos-related disease that might arise in the future.

Second, while the IAB correctly stated the law with respect to statute of limitations, the IAB incorrectly applied the law. Specifically, the IAB correctly

---

[23] Mesothelioma Decision at 13.

[24] Declaration at 1-2.

[25] *Hirneisen v. Champlain Cable Corp.*, 892 A.2d 1056 (Del. 2006) ("The liberal interpretation is used to resolve any reasonable doubts in favor of the worker because it was for the workers' benefit that the act was passed.").

stated that the statute of limitations in an occupational disease case "'does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness and probable compensable nature of the injury or disease.'"[26] Nevertheless, the IAB incorrectly concluded that the 1982 Settlement released Employer of workers' compensation liability for Employee's development of future unknown occupational diseases related to asbestos exposure in the workplace. This conclusion is inconsistent with settled law that mesothelioma is a different disease and any claims based on this new disease are subject to a different statute of limitations. By concluding that the statute of limitations precludes Employee from recovering workers' compensation benefits for his mesothelioma, even though this disease did not manifest until 2016, thirty-four years after the 1982 Settlement, the IAB made an incorrect legal determination.

### III. Employee's Workers' Compensation Claims Arising from Mesothelioma Were Not Resolved by the 1982 Settlement.

Parties may only agree to relieve an employer of liability as permitted by the Workers' Compensation Act. It is undisputed that parties may settle a workers' compensation claim for a known, compensable injury.[27] However, an employee

---

[26] Mesothelioma Decision at n. 5 (quoting *Geroski v. Playtex Family Products*, 1996 WL 69770, at *1 (Del. Jan. 24, 1996)).

[27] *Christiana Care Health Services v. Davis*, 127 A.3d 391, 395 (Del. 2015) ("The ability of parties to settle a workers' compensation claim is undisputed, and Delaware law favors such agreements."); *Chavez*, 979 A.2d at 1134 ("[I]n a settlement agreement, a party may effectively waive his or her right to petition the

cannot absolve an employer of responsibility for an occupational disease that has not yet manifested. In dismissing Employee's Mesothelioma Petition, the IAB failed to take into consideration that, pursuant to settled law in Delaware as a multi-disease jurisdiction, Employee's mesothelioma was an entirely new accident. The statute of limitations for mesothelioma did not start to run until Employee knew or should have known he had this disease. Unlike the progression, worsening, or change of condition of work-related injuries for which an employee can waive the right to petition the IAB for additional compensation, an employer and employee cannot agree to waive workers' compensation protection with regard to a future accident.[28] Because mesothelioma is a new accident, Employee could not have waived his workers' compensation benefits before this new disease was known to him.

An agreement that an employee waives or dismisses a claim for any injuries resulting from an accident that has not yet occurred is void both as a matter of public policy and under the Workers' Compensation Act. Accordingly, as a matter of law, the 1982 Settlement which released Employer of the obligation to pay workers'

---

[IAB] for additional compensation by agreeing to free an employer for responsibility of the injury."); *Konstantopoulos v. Westvaco Corp.*, 690 A.2d 936, 939 (Del. 1996) (Delaware courts are to interpret the Workers' Compensation Act "liberally so as to effectuate its remedial purpose.").

[28] Such an agreement is not contemplated under the Workers' Compensation Act and there is no case law directly on point. Nevertheless, in accordance with *Sheppard* and *DaBaldo*, this Court declines to recognize the validity of an agreement waiving workers' compensation protection with regard to an unknown future accident.

10

compensation for Employee's asbestosis claim is not valid to relieve Employer of the obligation to pay workers' compensation to Employee for mesothelioma that was diagnosed in 2016.

## CONCLUSION

For the reasons stated, the Court hereby finds that the IAB committed legal error in its decision to dismiss Employee's Petition to Determine Compensation Due for mesothelioma developed as the result of exposure to asbestos in the workplace. This matter is hereby remanded for proceedings consistent with this Opinion and Order.

**NOW, THEREFORE, this 26th day of April, 2019, the decision of the Industrial Accident Board is REVERSED and REMANDED for consideration of the Petition for compensation for mesothelioma, which is now the claim of Susan Gonzon for death benefits claimed as the alleged result of Employee's workplace asbestos exposure.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

11