CITY OF LAS VEGAS, NEVADA; CITY OF HENDERSON, NEVADA; CITY OF NORTH LAS VEGAS, NEVADA, AND CITY OF BOULDER CITY, NEVADA, APPELLANTS, v. MICHAEL MACK AND ARLENE MACK, RESPONDENTS.

No. 6295

March 3, 1971 481 P.2d 396

[Rehearing denied April 12, 1971]

*Earl P. Gripentrog,* City Attorney, and *Michael J. Wendell,* Deputy City Attorney, Las Vegas; *Monte J. Morris,* City Attorney, Henderson; *George F. Ogilvie, Jr.,* and his successor, *Carl E. Lovell, Jr.,* City Attorney, North Las Vegas; and *James E. Ordowski,* City Attorney, Boulder City, for Appellants.

*Paul V. Carelli, III,* of Las Vegas, for Respondents.

*Russell W. McDonald,* Legislative Counsel, of Carson City, Amicus Curiae.

## OPINION

By the Court, MOWBRAY, J.:

The Nevada Legislature enacted in 1969 the County-City Relief Tax Law. See chapter 377 of Nevada Revised Statutes. In substance, the law provides that, upon petition by a majority of the governing body of each city within a county, the board of county commissioners of that county shall enact a county ordinance imposing a sales tax at the rate of one-half of 1 percent on the gross receipts of any retailer doing business within the county. The law further provides that the county treasurer shall (a), if there is one incorporated city in the county, apportion such moneys between the city and the county general fund in proportion to the respective populations of the city and the unincorporated area of the county, and (b), if there are two or more cities in the county, apportion all such moneys among the cities in proportion to their respective populations. NRS 377.050.[1]

---

[1] NRS 377.050:

"1. All fees, taxes, interest and penalties imposed and all amounts of tax required to be paid to counties under this chapter shall be paid to the tax commission in the form of remittances made payable to the Nevada tax commission.

"2. The tax commission shall transmit the payments to the state treasurer to be deposited in the state treasury to the credit of the city-county relief tax fund hereby created.

"3. The state treasurer shall, quarterly, from the city-county relief tax fund:

"(a) Transfer 1 percent of all fees, taxes, interests and penalties collected in each county to the general fund in the state treasury as compensation to the state for the cost of collecting the tax for the counties.

"(b) Remit to each county treasurer an amount equal to the sum of:

"(1) Any fees, taxes, interest and penalties collected in that county pursuant to this chapter, less the amount transferred to the general fund of the state pursuant to paragraph (a) of this subsection; and

"(2) That proportion of the total amount of taxes collected pursuant to this chapter from out-of-state businesses not maintaining a fixed place of business within this state which the population of that county bears to the total population of all counties which have in effect a city-county relief tax ordinance.

"4. Upon receipt of the moneys remitted pursuant to paragraph (b) of subsection 3, the county treasurer shall:

"(a) If there is one incorporated city in the county, apportion such

Each of the governing bodies of all the incorporated cities of Clark County, namely, the cities of Las Vegas, North Las Vegas, Henderson, and Boulder City, petitioned the Board of County Commissioners of Clark County to enact the county-wide ordinance prescribed in the statute. The Board did so by adopting Clark County Ordinance No. 310 on June 5, 1969. Thereafter, the plaintiffs-respondents, Michael and Arlene Mack, commenced this action against Clark County and the Nevada State Tax Commission, seeking a judgment declaring the County-City Relief Tax Law and the resulting Clark County Ordinance No. 310 both unconstitutional and therefore null and void. By stipulation approved by the district court, the appellant cities were permitted to intervene, and they were named parties defendant.[2] After submitting an agreed statement of facts, both the plaintiffs and the defendants moved for summary judgment. NRCP 56(a), (b).[3] The district judge granted the plaintiffs-respondents' motion for summary judgment and declared the statute unconstitutional. Hence, this appeal. We reverse, and we remand the case to the district court with instructions to enter judgment in favor of the defendants-appellants.

The Macks are the owners and operators of a retail shop in Clark County known as the Sahara Luggage & Gift Shop. It is located at 953 East Sahara Avenue, which is the boundary

---

moneys between the city and the county general fund in proportion to the respective populations of the city and the unincorporated area of the county.

"(b) If there are two or more cities in the county, apportion all such moneys among the cities in proportion to their respective populations.

"5. The provisions of subsection 4 do not apply to Carson City, where the treasurer shall deposit the entire amount received from the state treasurer in the general fund.

"6. Population shall be determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce."

[2]Clark County filed a disclaimer and was dismissed from the action.

### [3]"RULE 56. SUMMARY JUDGMENT

"(a) *For Claimant.* A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) *For Defending Party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

street between the City of Las Vegas on the north and Clark County on the south. The Macks collect the sales tax from customers who make purchases in their shop. The tax may be paid by residents of the cities or county or by any other persons who purchase articles in the Macks' shop.

In the court below, the Macks asserted several constitutional challenges to the statute, none of which, in our opinion, may be utilized to sustain the ruling of the district court. We turn to consider them.

1. It is contended that the statute imposes a sales tax in violation of the constitutional proscription against amending a referred law except by the direct vote of the people, since its effect is to increase the rate of the sales and use tax authorized initially by a referendum of the voters in 1956. Nev. Const. art. XIX, § 1, ¶ 2. The identical challenge was presented to the court in Matthews v. State ex rel. Nevada Tax Comm'n, 83 Nev. 266, 428 P.2d 371 (1967), and there rejected and will not further be considered.

2. The Macks insist that the statute, as drawn, unconstitutionally delegates to boards of county commissioners the Legislature's own power to impose a tax. This contention is equally unsound. The statute leaves nothing to the discretion of the county commissioners. Once that body has performed the relatively simple task of ascertaining that the petitions before it come from each of the incorporated cities within the county and represent the will of a majority of the governing body of each city, as required by subsection 1 of NRS 377.030, the board of county commissioners is required to enact an ordinance whose provisions are substantially prescribed by NRS 377.040. Enactment of legislation contingent for its effectiveness upon a ministerial ascertainment of a state of facts has been approved from early days. Brig Aurora v. United States, 11 U.S. (7 Cranch) 382 (1813). See also State ex rel. Kaufman v. Martin, 31 Nev. 493, 103 P. 840 (1909); Ex rel. Ginocchio v. Shaughnessy, 47 Nev. 129, 217 P. 581 (1923); Nevada Comm'n on Equal Rights v. Smith, 80 Nev. 469, 396 P.2d 677 (1964); Kugler v. Yocum, 445 P.2d 303 (Cal. 1968).

3. The principal challenge, and the one that appears to have influenced the district court in reaching its decision, rests

upon the due process guaranties of the Federal and State Constitutions. The plaintiffs-respondents' position is that the consequence of the tax is to take their property without due process of law. The fallacy of their attack is evident, since the tax with which we are concerned is not paid by the Macks, but, rather, it is paid by the customers who make retail purchases in the Macks' shop. The Macks' true function is to act as the collector of the tax, and it thus cannot be said that their property is being taken by the State. Indeed, in Nevada, even the *ad valorem* tax has successfully withstood constitutional challenge upon this ground. Washoe County Water Conservation Dist. v. Beemer, 56 Nev. 104, 45 P.2d 779 (1935). Moreover, we are aware of no authority, notwithstanding the plaintiffs-respondents' contention to the contrary, which declares that an inequality in distribution of the tax in and of itself is sufficient to constitute a denial of due process.[4] The plaintiffs-respondents, who reside and have their place of business in the unincorporated area of Clark County, may well receive substantial benefits from the tax distributed to incorporated cities within that county.[5] Cf. Thomas v. Gay, 169 U.S. 264 (1898); Washoe County Water Conservation Dist. v. Beemer, *supra;* County of Mobile v. Kimball, 102 U.S. 691 (1880).

Other propositions advanced to sustain the ruling below have been considered and found to be without merit.

We reverse and remand the case to the district court with instructions to enter judgment for the defendants-appellants.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

[4]The distribution of taxes on a basis different from their collection is not unusual in Nevada. The so-called "table tax" imposed by NRS 463.380 is an example, where taxes collected are distributed equally among the counties of the State (NRS 463.320), even though, we are advised, Clark County provides 9 to 10 times as much revenue as it receives in return, Washoe County 5 to 6 times as much, and Douglas County 2 to 3 times as much, while other counties, several of which provide no revenue from the tax, participate in distribution. Likewise, the cigarette license fees and tax (NRS 370.150 and 370.170) are collected at a uniform rate throughout the State, but are distributed to the several counties and cities (NRS 370.260) in accordance with the same general formula as is the County-City Relief Tax.

[5]Surely, trade at the plaintiffs-respondents' shop is not restricted to county residents, but must include trade with residents of the incorporated cities within the county.