ANNABELLE BANEGAS FOR ROBERT BANEGAS (DECEASED), APPELLANT, v. STATE INDUSTRIAL INSURANCE SYSTEM, A STATE AGENCY; AND REECO, BY AND THROUGH ITS SUCCESSOR, BECHTEL NEVADA CORPORATION, RESPONDENTS.

No. 29833

March 16, 2001                                        19 P.3d 245

*Craig P. Kenny & Associates,* Las Vegas, for Appellant.

*Shirley D. Lindsey,* Associate General Counsel, Employers Insurance Company of Nevada, Las Vegas, for Respondent SIIS.

*Frank P. Sullivan,* Deputy Managing Counsel, Bechtel Nevada Corporation, Las Vegas, for Respondent REECO.

## OPINION

By the Court, BECKER, J.:

Appellant Annabelle Banegas was an unmarried cohabitant of decedent Robert Banegas at the time of his death in 1994. During the period of their cohabitation, Annabelle relied on Robert for substantially all of her financial support, including all living expenses other than the cost of housing. After Robert's work-related death, Annabelle applied for death benefits from the State Industrial Insurance System (SIIS) as a dependent of Robert. SIIS denied Annabelle's claim on the basis that she was not a "legal dependent" of Robert at the time of his death. SIIS's denial was upheld by an appeals officer, and the district court subsequently

denied Annabelle's petition for judicial review. On appeal, Annabelle contends that she should not have been denied death benefits because NRS 616C.505(8) (*cf.* NRS 616.615(8)) provides benefits for factual dependents regardless of their legal relationship to the deceased employee.[1] We disagree and affirm the order of the district court denying the petition for judicial review.

## FACTS

Robert and Annabelle were married on April 2, 1955. They divorced on August 4, 1981. The divorce decree made no provision for Annabelle's support but did distribute the community property. Robert and Annabelle eventually reconciled and began cohabitating sometime in 1990, but never remarried. From 1990 until Robert's death in 1994, they lived in Annabelle's house with Robert providing substantially all of Annabelle's financial support. Specifically, Robert paid for all of the living expenses other than the cost of housing.

Robert had been an employee of Reynolds Electric Systems Company (REECO) for approximately twenty-six years, working almost exclusively in tunnel areas. On January 4, 1994, Robert died from a lung disease which was related to his work for REECO.

Following Robert's death, Annabelle applied for death benefits from SIIS as a dependent of Robert. SIIS denied Annabelle's claim based upon its reading of NRS 616C.505 that death benefits were payable only to designated dependents related by blood or marriage. Annabelle appealed SIIS's decision, asserting that subsection 8 of NRS 616C.505 is a catchall category providing death benefits to factual dependents regardless of any legal relationship to the deceased employee. The appeals officer upheld SIIS's claim denial after concluding that Annabelle was not entitled to death benefits under NRS 616C.505 because she was not Robert's legal dependent at the time of his death. Similarly, the district court denied Annabelle's petition for judicial review after concluding that there was substantial evidence to support the appeals officer's decision.

## DISCUSSION

The facts of this case are not in dispute. The question before this court is whether the appeals officer properly interpreted the workers' compensation statutes applicable to this case. Questions of law are reviewed de novo. *SIIS v. United Exposition Services*

---

[1]The Legislative Counsel Bureau, pursuant to its administrative authority, renumbered NRS 616.615 as NRS 616C.505 in 1995.

*Co.,* 109 Nev. 28, 30, 846 P.2d 294, 295 (1993). "[A] reviewing court may undertake independent review of the administrative construction of a statute." *American Int'l Vacations v. MacBride,* 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983).

NRS 616C.505 provides, in descending order of entitlement, that the surviving spouse, minor children, or parents or siblings of a deceased employee are entitled to receive death benefits if an injury arising out of and in the course of employment causes the employee's death. *See* NRS 616C.505(2)-(6). Additionally, subsection 8 provides:

> In all other cases involving a question of total or partial dependency:
> (a) The extent of the dependency must be determined in accordance with the facts existing at the time of the injury.
> (b) If the deceased employee leaves dependents only partially dependent upon his earnings for support at the time of the injury causing his death, the monthly compensation to be paid must be equal to the same proportion of the monthly payments for the benefit of persons totally dependent as the amount contributed by the deceased employee to the partial dependents bears to the average monthly wage of the deceased employee at the time of the injury resulting in his death.
> (c) The duration of compensation to partial dependents must be fixed in accordance with the facts shown, but may not exceed compensation for 100 months.

NRS 616C.505(8).

Annabelle, SIIS, and REECO all suggest distinct constructions of NRS 616C.505(8). It is well established that when the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it. *See City Council of Reno v. Reno Newspapers,* 105 Nev. 886, 891, 784 P.2d 974, 977 (1989). However, if a statute is susceptible to more than one natural or honest interpretation, it is ambiguous. *See Randono v. CUNA Mutual Ins. Group,* 106 Nev. 371, 374, 793 P.2d 1324, 1326 (1990). We conclude that the language of NRS 616C.505(8) is ambiguous.

When a statute is ambiguous, the Legislature's intent is the controlling factor in statutory interpretation, and the statute should be construed consistently with what reason and public policy would indicate the Legislature intended. *Robert E. v. Justice Court,* 99 Nev. 443, 445, 664 P.2d 957, 959 (1983).

In this case, the legislative history does not provide extensive insight into the intent behind NRS 616C.505(8) because, although a complete revision of the industrial insurance statutes was adopted in 1947 and amendments to various sections of the statutes have been enacted during every regular legislative session since 1913, NRS 616C.505 remains largely unchanged since the original industrial insurance statutes were adopted in 1913. In fact, committee minutes for NRS 616C.505 are virtually nonexistent.[2] Mindful of the limited legislative history, we address the parties' interpretations of NRS 616C.505(8) in turn.

First, Annabelle contends that the Legislature intended NRS 616C.505(8) as a catchall category providing death benefits to any person who is factually dependent upon the deceased at the time of injury. Annabelle suggests that NRS 616C.505 allows payment of death benefits in descending order of entitlement first to persons who share a legally recognized relationship to and are conclusively presumed dependent on the deceased employee, then to persons who share a legally recognized relationship to and were in fact dependent on the deceased employee, and finally to persons who share no legally recognized relationship to but were in fact dependent on the deceased employee. Specifically, Annabelle contends that the introductory phrase of subsection 8 of NRS 616C.505, ''in all other cases,'' indicates that the Legislature intended to provide death benefits to persons who are totally or partially financially dependent on the deceased employee at the time of the accident or injury causing death regardless of their legal relationship to the deceased employee. Thus, Annabelle contends that she is entitled to death benefits under NRS 616C.505(8) because it is undisputed that she was in fact dependent on Robert for substantially all of her financial support at the time of his death.

At first glance, the phrase ''in all other cases'' suggests that subsection 8 is a catchall category for factual dependents. However, this construction of NRS 616C.505(8) would produce an unreasonable result. *See General Motors v. Jackson,* 111 Nev. 1026, 1029, 900 P.2d 345, 348 (1995) (statutory interpretation should avoid absurd or unreasonable results). Specifically, if subsection 8(a) is interpreted as a catchall category providing benefits for factual dependents regardless of any legally recognized relationship to the deceased employee, the subsection constitutes an incomplete expression of the Legislature's intent in that it fails

---

[2]Over the last century, most revisions to NRS 616C.505 involved increases in the allowed amount of payment to dependents. *See* 1949 Nev. Stat., ch. 323, § 59, at 662-65; 1973 Nev. Stat., ch. 389, § 6, at 533-35. In 1991, the Legislature ceased using the terms ''widow'' and ''widower'' and replaced them with the term ''surviving spouse.'' *See* 1991 Nev. Stat., ch. 307, § 2, at 804-05.

to express either the amount of or the period during which benefits will be paid to subsection 8(a) dependents.

One of the settled maxims in constitutional law is that the power conferred upon the Legislature to make laws cannot be delegated to any other body or authority. *See* Nev. Const. art. 3, § 1. However, the Legislature may authorize administrative agencies to make rules and regulations supplementing legislation if the power given is prescribed in terms sufficiently definite to serve as a guide in exercising that power. *See Sheriff v. Luqman,* 101 Nev. 149, 153-54, 697 P.2d 107, 110-11 (1985).

Within the industrial insurance statutes, guidelines setting forth the amount of and duration of death benefits appear only in NRS 616C.505 and relate exclusively to specified dependents. Provisions for the allowed amount and duration of payments for surviving spouses, dependent children, and wholly dependent parents and children ·of the deceased employee are specified in subsections 2-6 of NRS 616C.505. Subsections 8(b)-(c), however, express the amount of and the period during which benefits will be paid to partial dependents. *See* NRS 616C.505(8)(b), (c). As a result, under Annabelle's construction of NRS 616C.505(8), SIIS would have sole discretion to determine the amount and duration of death benefits payable to the catchall category of beneficiaries.

To read NRS 616C.505(8)(a) to broaden the class of dependents to include any individual who is factually dependent upon the deceased employee, in the absence of any legislative guidelines to aid SIIS in administering payments to such unspecified dependents, would constitute an invalid delegation of legislative power which would compromise the constitutionality of the statute. *Luqman,* 101 Nev. at 153-54, 697 P.2d at 110-11; *see also City of Las Vegas v. Mack,* 87 Nev. 105, 481 P.2d 396 (1971) (statute's delegation to county commissioners not unconstitutional because sufficient guidelines are in place). We decline to assume the Legislature intended a construction of the statute that would compromise its constitutionality. *See Sun City Summerlin v. State, Dep't Tax.,* 113 Nev. 835, 944 P.2d 234 (1997); *Sheriff v. Smith,* 91 Nev. 729, 733, 542 P.2d 440, 443 (1975).

Next, SIIS contends that NRS 616C.505(8) provides a category for dependents legally entitled to support by the deceased employee. SIIS suggests that the Legislature intended to limit the definition of dependents under NRS 616C.505 to persons related to the deceased employee by blood or marriage, *i.e.,* surviving spouses, dependent children, and dependent parents or siblings of the deceased employee. SIIS contends that subsection 8 provides it with discretion to determine total and/or partial dependency within the class of dependents related by blood or marriage and

to apportion death benefits among former spouses, minor children in the custody of someone other than a surviving spouse, and adult children who are incapable of self-support due to a mental or physical handicap.

We are not persuaded by SIIS's construction of NRS 616C.505(8) because the instances that SIIS suggests the Legislature intended subsection 8 to address are covered elsewhere within the industrial insurance statutes. Specifically, death benefits for minor children of the deceased employee are provided for in NRS 616C.505(3)-(5) regardless of who has custody of the children, and NRS 616C.505(12) provides death benefits for adult children of the deceased employee. Additionally, NRS 616C.505(9) gives SIIS discretion to apportion benefits between surviving spouses and minor children. Finally, NRS 616C.070 defines those who are conclusively presumed to be totally dependent on the deceased employee and includes natural and adopted minor children, adult children physically or mentally incapacitated from wage earning, and stepchildren and stepparents when factual dependency is shown. Thus, the instances described by SIIS are covered by other sections or subsections within the industrial insurance statutes, and reading NRS 616C.505(8) as urged by SIIS would nullify the limits on death benefits imposed by the other sections and subsections within the chapter. Such an interpretation would be contrary to established rules of statutory construction. *See Paramount Ins. v. Rayson & Smitley,* 86 Nev. 644, 649, 472 P.2d 530, 533 (1970) (no part of a statute should be rendered nugatory, nor any language turned to mere surplusage, if such consequences can properly be avoided).

Finally, REECO contends that NRS 616C.505(8) narrowly provides death benefits to partially dependent parents or siblings when there is no surviving spouse or dependent children and no wholly dependent parents or siblings. REECO suggests that the Legislature intended subsection 8 to qualify subsection 6 by providing death benefits for partially dependent parents or siblings and that the phrase "in all other cases" means all cases involving partial dependents. Based on our review of the entire statutory scheme regarding survivor benefits, we agree that the Legislature intended NRS 616C.505(8) to relate only to partial dependency rather than to create an unspecified class of beneficiaries consisting of factual dependents.

The intent of the Legislature may be discerned by reviewing the statute or the chapter as a whole. *See Thomas v. State,* 88 Nev. 382, 384, 498 P.2d 1314, 1315 (1972). NRS 616C.505 enumerates as dependents various classes of persons, standing in certain relationships to the deceased employee, in descending order of

entitlement to death benefits. Specifically, NRS 616C.505(2)-(5) and (12)-(13) provide death benefits to a surviving spouse and/or surviving minor children. When these subsections are considered together with NRS 616C.070, it is evident that the dependency of these designated beneficiaries is to be conclusively presumed.[3] In addition, NRS 616C.505(6) provides death benefits to wholly dependent parents or siblings of the deceased worker, with dependency for these designated beneficiaries a question of fact in each instance. Provisions are made in these subsections for payment to the designated beneficiaries of varying specified percentages of the deceased employee's average monthly wage for varying specified periods. *See* NRS 616C.505(2)-(6). The chapter also provides that stepparents and stepchildren may be regarded as parents and children if factual dependency is shown. *See* NRS 616C.070(1).

Thus, all of the dependent persons described in the subsections of NRS 616C.505 and NRS 616C.070 have legally recognized relationships to the deceased employee.[4] These subsections, when considered together with NRS 616C.035, which requires proof on an application for death benefits of a relationship entitling a person to compensation, suggest that the Legislature only contemplated providing death benefits to persons in a legally recognized relationship with the deceased employee.

Additionally, words within a statute must not be read in isolation, and statutes must be construed to give meaning to all of their parts and language within the context of the purpose of the legislation. *See Bd. of County Comm'rs v. CMC of Nevada,* 99 Nev. 739, 744, 670 P.2d 102, 105 (1983). In NRS 616C.505(8), the phrase "in all other cases" appears in an introductory sentence immediately preceding NRS 616C.505(8)(a), which provides that the extent of the dependency is determined as of the date of injury. NRS 616C.070(2) provides that questions as to who constitutes a dependent and the extent of the dependency is determined as of the date of injury, and NRS 616C.505(13) provides that a "surviving spouse" is either a husband or wife who was married to the employee at the date of death. When NRS 616C.505(8)(a) is considered together with NRS 616C.070(2) and NRS 616C.505(13), it appears that subsection 8(a) merely specifies the

---

[3]NRS 616C.070(1) provides that natural, posthumous or adopted children are conclusively presumed to be totally dependent on the deceased employee for purposes of receiving compensation if there is no surviving spouse.

[4]*See, e.g.,* NRS 616C.505(13) (defining surviving spouse), NRS 616C.070 (defining those conclusively presumed dependent upon deceased employee), and NRS Chapter 134 (recognizing the relationships between a decedent and his or her parents and siblings).

date total or partial dependency is determined. Additionally, when subsection 8(a) is read in conjunction with subsections 8(b)-(c), which relate only to partial dependency, the reasonable interpretation is that subsection 8 as a whole relates only to partial dependency.

The title of a statute may also be considered in determining legislative intent. *See A Minor v. Clark Co. Juvenile Ct. Servs.*, 87 Nev. 544, 548, 490 P.2d 1248, 1250 (1971). Former versions of NRS 616C.505, including subsection 8, contained titles which offer some insight into the legislative intent. For example, the 1947 version of subsection 8 (subsection 7 in 1947) bears the title "Partial dependency" and provides, in part:

> (7) In all other cases, questions of total or partial dependency shall be determined in accordance with the facts as the facts may be at the time of the injury. . . .

*See* 1947 Nev. Stat., ch. 168, § 59, at 587. Additionally, the 1967 version of NRS 616C.505(8) bears the title "Questions of total or partial dependency." *See* 1967 Nev. Stat., ch. 221, § 1, at 687. The language of subsection 7 remained the same as the 1947 version. *See* 1967 Nev. Stat., ch. 221, § 1, at 687. In 1991, the title "Questions of total or partial dependency" was removed, the section was recodified as subsection 8 instead of subsection 7, and the word "involving" was added to the text of subsection 8. *See* 1991 Nev. Stat., ch. 307, § 2, at 806. The 1991 amendment reflects the current version of this subsection. *See* NRS 616C.505(8)(a).

A title is typically prefixed to a statute or a subsection in the form of a descriptive heading or a brief summary of the contents of the statute or subsection. *See Random House Webster's College Dictionary* 1350 (2d ed. 1997); *Black's Law Dictionary* 1032 (6th ed. 1991). Given this definition, the titles previously utilized by the Legislature to describe prior versions of subsection 8, and the context in which the phrase "in all other cases" is used, we cannot interpret subsection 8 so broadly as to provide a catchall category for factual dependents regardless of any legally recognized relationship to the deceased employee. The titles attached to former versions of NRS 616C.505 and its subsections suggest that the Legislature intended the phrase "in all other cases" in subsection 8(a) to mean all cases where a question of fact exists concerning the extent of the dependency among the class of beneficiaries specified within the chapter. Additionally, the replacement in 1991 of the title "Questions of total or partial dependency" with the word "involving" immediately following the phrase "in all other cases" within subsection 8(a) does not

suggest that the Legislature intended to broaden the application of subsection 8 by removing the title. Instead, the Legislature made minor technical changes to NRS 616C.505 (*cf.* NRS 616.615) that year, including removing the titles from all of the subsections and incorporating their language into the text of the subsections. *See* *1991* Nev. Stat., ch. 307, § 2, at 804-06.

Finally, the subject matter of the statute and the policy to be effectuated may be used in statutory construction. *See Welfare Div. v. Washoe Co. Welfare Dep't.,* 88 Nev. 635, 638, 503 P.2d 457, 459 (1972). Nevada was one of the first states to enact workers' compensation laws with the primary purpose of providing economic assistance to persons who suffer disability or death as a result of their employment. *See SIIS v. Lodge,* 107 Nev. 867, 871, 822 P.2d 664, 666 (1991). Historically, this court liberally construed workers' compensation laws to grant benefits rather than deny them. *See id.*

However, in 1993, the Legislature adopted a new legislative declaration for the industrial insurance statutes that repudiates the application of common law principles and requires statutes governing workers' compensation to be interpreted according to their plain meaning. *See* NRS 616A.010 (substituted in 1995 recodification for NRS 616.012). Specifically, NRS 616A.010 provides:

> Legislative declarations: Statutory construction; repudiation of common law; basis of provisions; balanced interpretation required.
>
> The legislature hereby determines and declares that:
>
> 1.   The provisions of chapters 616A to 617, inclusive, of NRS must be interpreted and construed to ensure the quick and efficient payment of compensation to injured and disabled employees at a reasonable cost to the employers who are subject to the provisions of those chapters;
>
> 2.   A claim for compensation filed pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS must be decided on its merit and not according to the principle of common law that requires statutes governing workers' compensation to be liberally construed because they are remedial in nature;
>
> 3.   The provisions of chapters 616A to 617, inclusive, of NRS are based on a renunciation of the rights and defenses of employers and employees recognized at common law; and
>
> 4.   For the accomplishment of these purposes, the provisions of chapters 616A to 617, inclusive, of NRS must not be interpreted or construed broadly or liberally in favor of an injured or disabled employee or his dependents, or in such a

manner as to favor the rights and interests of an employer over the rights and interests of an injured or disabled employee or his dependents.

NRS 616A.010. The minutes from the hearings before both the Assembly Committee on Labor and Management and the Senate Committee on Commerce and Labor indicate that the Legislature enacted NRS 616A.010 based upon the perception that the courts were construing various sections of the industrial insurance statutes too liberally and contrary to the plain meaning of the statutes.[5] Viewed in light of NRS 616A.010, we conclude that NRS 616C.505(8) can only be interpreted to relate to partial dependency for those who are not conclusively presumed to be totally dependent on, but who have a legally recognized relationship to, the deceased employee.

Additionally, the enactment of NRS 616A.010 refutes Annabelle's alternative contention that the Legislature intended expansive definitions of the dependents specified in NRS 616C.505. In particular, Annabelle cites several cases from other jurisdictions in which the courts discussed the remedial purpose of workers' compensation laws and applied a common law liberal construction of them in holding that the definition of the term "wife" or "spouse" for purposes of death benefit eligibility under the applicable workers' compensation statutes included putative or common law wives.[6]

Prior to 1993, it is conceivable that this court similarly could have liberally construed NRS 616C.505(2) and concluded that, because their relationship bore a resemblance to that of a married couple, Annabelle was Robert's "wife" and was entitled to death benefits as a surviving spouse. However, the Legislature's adoption of NRS 616A.010 in 1993, a year before Robert's death, clearly prohibits Annabelle from being included in the definition of surviving spouse based on an analysis similar to that applied in *West, Burgess,* or *Dawson* because the Nevada Legislature expressly repudiated the liberal construction of the industrial insurance statutes with the adoption of NRS 616A.010. Moreover, the Legislature adopted subsection 13 of NRS 616C.505 in 1993,

---

[5]*See* Hearing on S.B. 316 Before the Senate Commerce and Labor Comm., 67th Leg. (Nev., February 3, 1993), and Hearing on S.B. 316 Before the Assembly Labor and Management Comm., 67th Leg. (Nev., April 20, 1993).

[6]*See Burgess v. Lindley,* 504 P.2d 1023, 1025 (Alaska 1972) (first wife qualified for benefits as "surviving wife" under liberal humanitarian purpose of statute); *West v. Barton-Malow Co.,* 230 N.W.2d 545, 546-47 (Mich. 1975) (live-in girlfriend was eligible dependent under expansive meaning of statute); *Dawson v. Hatfield Wire & Cable Co.,* 280 A.2d 173, 175-76 (N.J. 1971) (woman with good·faith belief that she was married qualified as a "dependent widow").

which clearly defines "surviving spouse" as a "surviving husband or wife who was married to the employee at the time of the employee's death." When Robert died in 1994, he and Annabelle were not married. Thus, Annabelle is not Robert's surviving spouse for purposes of receiving death benefits pursuant to NRS 616C.505(2).

## CONCLUSION

We conclude that the Legislature intended NRS 616C.505 to provide death benefits in descending order of entitlement to specified dependents standing in certain legally recognized relationships to the deceased employee. This determination leads to the further conclusion that the Legislature intended NRS 616C.505(8) to provide death benefits for those who are not conclusively presumed to be totally dependent, but who have a legally recognized relationship to, and are partially dependent upon, the deceased employee when there is no surviving spouse or dependent children and no wholly dependent parents or siblings. Accordingly, we affirm the order of the district court denying the petition for judicial review.

YOUNG, AGOSTI and LEAVITT, JJ., concur.

MAUPIN, C. J., with whom SHEARING and ROSE, JJ., agree, dissenting:

This case is one of pure statutory construction. If the Nevada workers' compensation death benefit provision at issue here is unambiguous, it is our responsibility to interpret it in accordance with its plain meaning. Only when an ambiguity has been identified are we permitted to resort to other rules of statutory construction.[1] Because I believe NRS 616C.505 is not ambiguous, I do not agree that the omission of certain constraints on claims for dependent benefits under NRS 616C.505 mandates that we affirm the decision made by the district court.

It is tempting to draw an analogy to the Nevada wrongful death statute.[2] NRS 41.085 restricts wrongful death tort claim eligibility to persons eligible to inherit under our laws of intestate succession, i.e., legal heirs. However, NRS 616C.505, our workers' compensation death benefit provision, is not as restrictive as the wrongful death statute in its enumeration of persons eligible to pursue claims.

The full 66 2/3 percent benefit payable under NRS 616C.505

[1]See City Council of Reno v. Reno Newspapers, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989).

[2]See NRS 41.085.

is payable first to the surviving spouse until death or remarriage,[3] then to the surviving children equally until each reaches the age of eighteen years,[4] and then to wholly dependent parents and siblings in defined percentages.[5] It is only then that subsection eight of NRS 616C.505 comes into play requiring that, "[i]n all other cases involving a question of total or partial dependency[,] (a) [t]he extent of the dependency must be determined." Thus, in my view, NRS 616C.505(8) expressly provides that other non-enumerated factual dependencies can be considered for death benefit eligibility.

In such cases, however, a threshold determination of total or partial dependency must be made. If the non-enumerated dependency is partial, the formula for compensation is set forth in subsection (b) of NRS 616C.505(8). If the dependency is total, the benefits must not exceed 66 2/3 percent of the decedent's average monthly wage.[6] Although no set time frame for payment of total dependency death benefits under NRS 616C.505(8) is set forth, it is evident that such benefits would terminate on the death of the claimant or the termination of disability. Termination of disability would include death, recovery or rehabilitation from the disability, or remarriage, consistent with the enumerated dependencies.

I would note parenthetically that the claimant in this case cannot meet the requirements as a surviving spouse, having been divorced and not remarried in compliance with Nevada laws governing marriage at the time of the demise of Mr. Banegas.[7] Thus, this claimant's only ground for recovery of workers' compensation death benefits must be in the context of non-enumerated dependencies under NRS 616C.505(8).

I recognize that NRS 616A.010 legislatively abrogated the common law rule, which required liberal interpretation of our workers' compensation statutory scheme. However, given my conclusion that NRS 616C.505 unambiguously provides for total dependency benefits for non-enumerated dependents, NRS 616A.010 is not implicated by the construction sought by appellant. I would therefore reverse and remand for a calculation of death benefits in accord with the views expressed above.

---

[3]*See* NRS 616C.505(2).

[4]*See* NRS 616C.505(3) and (5).

[5]*See* NRS 616C.505(6) and (7).

[6]*See* NRS 616C.505(7).