129 Nev., Advance Opinion 27

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, Appellant, vs. JERMAINE XAVIER FREDERICK, Respondent. | No. 60298 **FILED** APR 25 2013 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order granting respondent's post-conviction motion to withdraw his guilty plea. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Reversed.*

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens, Chief Deputy District Attorney, and Elizabeth A. Mercer, Deputy District Attorney, Clark County, for Appellant.

Philip J. Kohn, Public Defender, and William M. Waters, Deputy Public Defender, Clark County, for Respondent.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether Eighth Judicial District Court Rule (EDCR) 1.48, which allows justices of the peace to serve as

13-12097

district court hearing masters, violates the Nevada Constitution. We conclude that it does not.

Article 6, Section 8 of the Nevada Constitution grants the Legislature sole authority in determining the jurisdiction of justice courts. Through NRS 3.245, the Legislature has delegated to district courts the authority to designate district court hearing masters and to this court the authority to approve the duties that may be assigned to those hearing masters. Under this delegated authority, EDCR 1.48 allows justices of the peace to act in a separate capacity as district court hearing masters, which includes the taking of felony pleas. Thus, when a justice of the peace who has been appointed as a hearing master performs the duties set forth in EDCR 1.48(k), she is acting pursuant to her authority under EDCR 1.48, not as part of her jurisdiction as a justice of the peace.

## BACKGROUND

The Nevada Constitution authorizes the Legislature to set forth the jurisdiction of the state's justice courts. Nev. Const. art. 6, § 6. The Legislature has granted justice courts jurisdiction over misdemeanors. NRS 4.370(3). This leaves district courts with jurisdiction over felonies and gross misdemeanors. *See* Nev. Const. art. 6, § 6(1) (providing that district courts "have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts"); *see also* NRS 193.120 (setting forth three classifications of crimes—felony, gross misdemeanor, and misdemeanor).

Although a crime that is classified as a felony or gross misdemeanor cannot be tried in the justice court, the Legislature has authorized justice courts to conduct preliminary examinations in those cases. NRS 171.196(2). But the Legislature made clear that "[i]f an offense is not triable in the Justice Court, the defendant must not be called

SUPREME COURT
OF
NEVADA

(O) 1947A

2

upon to plead." NRS 171.196(1). Even when a defendant charged with a felony or gross misdemeanor waives a preliminary examination in the justice court, he may enter his plea only in the district court. *Id.*

To help alleviate the workload of district court judges, the Legislature amended NRS 3.245 to permit the chief judge of a district court to appoint one or more "masters" who, in turn, are authorized "to perform certain subordinate or administrative duties" for the district court judges. 2003 Nev. Stat., ch. 47, § 1, at 409. The amendment also authorized this court to approve the duties that these masters may perform. *Id.* To utilize hearing masters as authorized under the statute, the Eighth Judicial District Court presented EDCR 1.48 to this court, which approved the rule. *See* DCR 5 (indicating that local rules for district courts must be approved by supreme court); *In the Matter of the Amendment of Eighth Judicial District Court Rules (EDCR) Regarding Changes to the Rules in Compliance With NRS 3.245 to Provide for the Appointment of Criminal Masters*, ADKT No. 363 (Order Amending EDCR 1.30 and Adopting EDCR 1.48, May 11, 2004).

Among other things, EDCR 1.48 sets forth (1) who may be a master, and (2) the duties that a master may perform. As for who may be a master, EDCR 1.48 provides:

> A criminal division master must be a senior judge or justice, senior justice of the peace, *justice of the peace*, district judge serving in the family division, or a member of the State Bar of Nevada who is in good standing as a member of the state bar and has been so for a minimum of 5 continuous years immediately preceding appointment as a criminal division master.

EDCR 1.48(b) (emphasis added). As for the master's duties, EDCR 1.48 provides a list of 17 duties, one of which includes:

> Conducting arraignments and *accepting pleas of guilty, nolo contendere, and not guilty*, including ascertaining whether the defendant will invoke or waive speedy trial rights.

EDCR 1.48(k)(2) (emphasis added). Thus, under EDCR 1.48, a justice of the peace may be appointed as a criminal division master in the Eighth Judicial District Court and, in that capacity, may accept a defendant's guilty plea to an offense that is triable in the district court. Pursuant to EDCR 1.48, Eighth Judicial District Court Chief Judge Jennifer Togliatti appointed Justice of the Peace Melissa Saragosa as a district court master to accept pleas in cases where the defendant has waived a preliminary examination.

The State charged respondent Jermaine Frederick with both misdemeanor and felony crimes stemming from a domestic violence incident. After his initial appearance, Frederick appeared for a preliminary hearing in the Las Vegas Justice Court, with Judge Saragosa presiding.

Frederick's counsel informed the court that Frederick had entered into a plea agreement with the State wherein Frederick would plead guilty to one misdemeanor charge and one felony charge. Frederick then waived his right to a preliminary examination. He pleaded guilty to a misdemeanor charge of battery constituting domestic violence, and Judge Saragosa sentenced him on that charge. Immediately thereafter, she conducted a plea colloquy on the felony charge, determined that Frederick's plea was voluntary, and accepted his plea to the felony charge. Frederick was then bound over to district court where he received an 18-to 72-month prison sentence.

Subsequently, Frederick filed a motion in the district court to withdraw his felony plea on the ground that it was accepted by a justice of

the peace who lacks jurisdiction to accept a felony plea. Without explanation, the district court judge granted Frederick's motion. The State then appealed.

## DISCUSSION

At its core, this appeal involves a question of whether justices of the peace may take felony pleas while serving as district court masters. In answering that question, we address: (1) whether NRS 3.245 violates the separation of powers doctrine, and (2) whether EDCR 1.48 falls within the Legislature's grant of authority under NRS 3.245. These are pure questions of law that we review de novo. *State v. Hughes*, 127 Nev. ___, ___, 261 P.3d 1067, 1069 (2011).

*NRS 3.245 does not violate the separation of powers provision of the Nevada Constitution*

Article 3, Section 1 of the Nevada Constitution prohibits the Legislature from delegating certain functions to other branches of government. *Banegas v. State Indus. Ins. Sys.*, 117 Nev. 222, 227, 19 P.3d 245, 248 (2001). However, the Legislature may delegate to other bodies the power to make rules and regulations supplementing legislation as long as "the power given is prescribed in terms sufficiently definite to serve as a guide in exercising that power." *Id.* When the delegation is to the judiciary, this court has held that the Legislature may only delegate duties and powers that are traced back to and derived from the basic judicial power and functions. *Galloway v. Truesdell*, 83 Nev. 13, 20, 422 P.2d 237, 242 (1967). Such a delegation can include administrative or ministerial powers so long as those powers are "reasonably incidental to the fulfillment of judicial duties." *Id.* at 24, 422 P.2d at 245.

With these principles in mind, it is clear that NRS 3.245 is a proper delegation of power to the judiciary to set forth the specific duties

of district court masters. The Legislature explicitly delegated to the district court the authority to appoint masters for "criminal proceedings to perform certain subordinate or administrative duties that the Nevada Supreme Court has approved to be assigned to such a master." NRS 3.245. This enactment limits a district court master's powers to a specified subset of responsibilities in a particular class of cases. While the Legislature left the details for implementing NRS 3.245 to the courts, the Legislature articulated the scope of the powers it delegated to the judiciary with sufficient definition.

It is also clear that the powers delegated to the judiciary pursuant to NRS 3.245 fall within the judicial function, which is defined as "the exercise of judicial authority to hear and determine questions in controversy that are proper to be examined in a court of justice." *Galloway*, 83 Nev. at 20, 422 P.2d at 242. We have described ministerial functions as "methods of implementation to accomplish or put into effect the basic function of each Department." *Id.* at 21, 422 P.2d at 243. Examples of ministerial functions that can be traced back to or derived from the basic judicial power and functions include regulating and licensing attorneys and "prescribing any and all rules necessary or desirable to handle the business of the courts or their judicial functions." *Id.* at 23, 422 P.2d at 244. Similarly, allowing the judiciary to determine the subordinate or administrative duties that may be assigned to masters is a ministerial function that can be traced back to or derived from the basic judicial power and functions (*e.g.*, it relates to how the business of the district courts and their judicial functions are handled).

We conclude that NRS 3.245 is an appropriate delegation of ministerial power to the judiciary, such that it does not violate Article 3, Section 1 of the Nevada Constitution.

*EDCR 1.48 falls within the Legislature's grant of authority under NRS 3.245*

Having determined that the Legislature properly delegated the power to promulgate EDCR 1.48 to the judicial branch, we now turn to whether allowing justices of the peace to serve as district court hearing masters, under EDCR 1.48, is within the scope of the Legislature's delegation.

The State argues that EDCR 1.48 is proper because the Legislature intended to expand the justice court's jurisdiction when it amended NRS 3.245. We disagree, as there is no evidence that the Legislature intended to expand, nor delegate the power to expand, the jurisdiction of the justice courts. *See Salaiscooper v. Eighth Judicial Dist. Court*, 117 Nev. 892, 899, 34 P.3d 509, 514 (2001) ("[T]he jurisdictional boundaries of Nevada's justice courts are defined by the [L]egislature."). Furthermore, NRS 171.196(1) unequivocally states that "[i]f an offense is not triable in the Justice Court, the defendant must not be called upon to plead." We must assume that the Legislature would have amended NRS 171.196(1) if it intended NRS 3.245 to permit justice courts to accept felony pleas. *See Hardy Companies, Inc. v. SNMARK, LLC*, 126 Nev. ___, ___, 245 P.3d 1149, 1156 (2010) ("The presumption is always against the intention to repeal where express terms are not used." (quoting *State v.*

*Donnelly*, 20 Nev. 214, 217, 19 P. 680, 681 (1888))).[1]  The Legislature provided no limitations with regard to who may serve as a master.[2]

By allowing justices of the peace to be appointed as district court masters, EDCR 1.48 merely permits individuals who are qualified based on their judicial experience to be appointed to serve as district court masters.  The fact that justices of the peace might also serve as district court masters is only *incidental to* their roles as justices of the peace and is not an unconstitutional judicial expansion of the justice court's jurisdiction.[3]  To this extent, we disagree with our dissenting colleagues' misapprehension that EDCR 1.48 permits justices of the peace to serve as district court masters *by virtue* of their positions as justices of the peace.

---

[1]For the same reasons, we reject the State's argument that the Legislature delegated the determination of the justice courts' jurisdiction to the judicial branch, thereby allowing each district court to determine its own jurisdiction in relation to each justice court.

[2]While the Legislature did not specifically address the possibility of justices of the peace serving as masters, there were repeated discussions regarding the wide degree of deference the Legislature should give the judiciary in setting forth the rules.  *See, e.g.*, Hearing on A.B. 133 Before the Assembly Judiciary Comm., 72d Leg. (Nev., March 6, 2003) (statement of then-Judge Hardesty asking for flexibility in allowing the judiciary to determine the rules for masters); Hearing on A.B. 133 Before the Assembly Judiciary Comm., 72d Leg. (Nev., March 11, 2003) (statement of Assemblyman John Oceguera) ("I feel that the Supreme Court would be in a position to take care of their own rule-making process, and I think they have done so in the past.  I don't have any problem making rules for them; however, I think, in this case that they should make the rules for the masters.").

[3]The practice of justices of the peace serving in dual judicial roles is not unprecedented in Nevada.  For example, NRS 5.020(3) allows justices of the peace to simultaneously serve as municipal court judges.

In reaching this conclusion, we distinguish this case from our recent opinion, *Hernandez v. Bennett-Haron*, 128 Nev. ___, 287 P.3d 305 (2012). In *Hernandez*, the appellants challenged the constitutionality of a Clark County ordinance requiring the chief judge of the local township to appoint a justice of the peace to preside over inquests involving police officer-involved deaths. *Id.* at ___, 287 P.3d at 308. They argued that the ordinance violated Article 6, Section 8 of the Nevada Constitution because "only the Legislature has the authority to determine, by law, the jurisdictional limits of the justices of the peace." *Id.* at ___, 287 P.3d at 314. In response, the American Civil Liberties Union (ACLU) contended that "a justice of the peace is acting as a presiding officer of an investigatory body outside the purview of the justice court and is not acting with the authority of a justice court magistrate." *Id.* at ___ n.6, 287 P.3d at 314 n.6. We rejected the ACLU's contention, stating:

> The ACLU has pointed to no authority that allows an entity other than the Legislature to assign duties to the justices of the peace, judicial or otherwise; nonetheless, justices of the peace are appointed as presiding officers of the inquest by virtue of their positions as justices of the peace.

*Id.*

*Hernandez* is distinguishable for two reasons. First, the Legislature in NRS 3.245 expressly provided for the appointment of district court masters and gave the judiciary the authority to determine who may serve as a district court master. In contrast, the Clark County ordinance at issue in *Hernandez* usurped the Legislature's authority by expanding the official duties of a justice of the peace without a grant of Legislative authority to do so. *Id.* at ___, 287 P.3d at 316. Second, unlike Clark County's ordinance, which required justices of the peace to preside

9

over inquests "by virtue of their positions as justices of the peace," EDCR 1.48 does not expand the jurisdiction of justice courts or assign duties to justices of the peace. *Hernandez*, 128 Nev. at ___ n.6, 287 P.3d at 314 n.6. EDCR 1.48 does not permit justices of the peace to take felony pleas by virtue of their positions as justices of the peace, but merely allows a justice of the peace to be appointed to the separate role of a district court master. Accordingly, in this case, Judge Saragosa did not take Frederick's felony plea by virtue of her role as justice of the peace. Instead, she was acting in her role as an appointed district court master under EDCR 1.48.

In conclusion, the Legislature granted this court the broad authority to set forth rules providing for the appointment of district court masters, and this very court approved EDCR 1.48 following a public hearing. Public Hearing on ADKT No. 363 Before the Nevada Supreme Court (Nov. 18, 2003). Given that this court did not usurp the Legislature's power as the county ordinance did in *Hernandez*, we respectfully disagree with our dissenting colleagues' opinion that our conclusion vitiates our prior holding in *Hernandez*.[4]

_____

[4]The dissent also makes note of the fact that Judge Saragosa took the felony plea in the same courtroom and in the same robes in which she took the misdemeanor plea. Beyond the incidental convenience afforded to the process, we do not see the particular relevance of this fact to the question of whether EDCR 1.48 allows a justice of the peace to serve separately as a district court master.

Because Frederick's guilty plea was accepted by a lawfully appointed district court master in accordance with EDCR 1.48, we reverse the district court's order granting Frederick's motion to withdraw his felony plea.

_____, J.
Parraguirre

We concur:

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

HARDESTY, J., with whom PICKERING, C.J., and CHERRY, J., agree, concurring in part and dissenting in part:

The Nevada Constitution gives the Legislature exclusive authority to define the jurisdiction of our justice courts. Nev. Const. art. 6, § 8 ("The Legislature shall determine the number of Justices of the Peace to be elected in each city and township of the State, and shall fix by law . . . the limits of their civil and criminal jurisdiction . . . ."). *See also Salaiscooper v. Eighth Judicial Dist. Court*, 117 Nev. 892, 899, 34 P.3d 509, 514 (2001) ("[T]he jurisdictional boundaries of Nevada's justice courts are defined by the [L]egislature."). NRS 4.370(3) limits the criminal jurisdiction of the justice courts to misdemeanors, "except as otherwise provided by specific statute." Going further, NRS 171.196(1) states, in mandatory terms, "[i]f an offense is not triable in the Justice Court, the defendant *must not* be called upon to plead." (Emphasis added.) Together, the Constitution and statutes deny justices of the peace authority to accept felony pleas.

The issue in this case is clear. Can the judicial branch, pursuant to local district court rule, give a Nevada justice of the peace authority over felony guilty pleas, when the Legislature has expressly denied that authority?

NRS 3.245 empowers the district court to appoint masters to hear plea negotiations in felony and gross misdemeanor cases. While the majority maintains that NRS 3.245 permits justices of the peace to be appointed as district court masters, they acknowledge that NRS 3.245 does not, by its terms, override the general and express prohibitions in NRS 4.370 and NRS 171.196(1), respectively. Majority opinion *ante* at 7 (the Legislature did not "intend[ ] to expand, nor delegate the power to

expand, the jurisdiction of . . . justice courts" when it amended NRS 3.245). Indeed, nothing in the legislative history of NRS 3.245 suggests or even implies anything to the contrary.

In the absence of any "specific" statutory provision to expand the authority of a justice of the peace to accept felony pleas, the majority turns to EDCR 1.48, which permits qualified judges to serve as masters and claims that the local rule does not unconstitutionally expand the jurisdiction of the justices of the peace. I disagree.

Through EDCR 1.48, the district court allows a justice of the peace, by virtue of his or her status as a justice of the peace, to perform the duties granted to masters under NRS 3.245. In doing so, the court rule grants justices of the peace jurisdiction in felony cases that the Legislature has expressly denied them. To this extent, EDCR 1.48 expands the justice of the peace's jurisdiction, and it is unconstitutional. As this court recently held in *Hernandez v. Bennett-Haron*, only the Legislature can expand the jurisdiction of the justices of the peace. 128 Nev. ___, ___, 287 P.3d 305, 316 (2012) (holding that "by providing for the participation of justices of the peace in Clark County's inquest proceedings[,] . . . the Clark County Board of County Commissioners has unconstitutionally impinged on the Legislature's constitutionally delegated authority"); *see also* Nev. Const. art. 6, § 8 ("The Legislature shall determine . . . the limits of [a justice of the peace's] civil and criminal jurisdiction . . . ."). As such, I conclude that the district courts cannot expand the jurisdiction of the justices of the peace through a local rule such as EDCR 1.48. To hold otherwise vitiates our holding in *Hernandez*.

The majority's reliance on a justice of peace's judicial qualifications to serve as a master ignores the facts of this case. Frederick

appeared in justice court before Judge Saragosa for a preliminary hearing on a misdemeanor charge and a felony charge, after entering into a plea agreement with the State. Frederick pleaded guilty to the misdemeanor charge and was sentenced by Judge Saragosa. Immediately thereafter, wearing the same robes and sitting in the same courtroom, Judge Saragosa conducted a plea colloquy on the felony charge and accepted Frederick's plea. After accepting his plea, she bound Frederick over to district court for sentencing.

In this instance, Frederick tendered his plea to a sitting justice of the peace during the course of his criminal proceeding over which the justice of the peace had only partial jurisdiction. It is unreasonable to argue that Judge Saragosa transformed from justice of the peace to master between the time Frederick entered his plea on the misdemeanor and, a moment later, when he entered his plea on the felony charge.

I take no issue with the Legislature's decision to delegate to district courts the authority to designate district court hearing masters. I also recognize the efficiency to be achieved by expanding the authority of the justices of the peace to take felony-related pleas. However, the Constitution vests the authority to make this decision in the Legislature, not the courts.

Accordingly, I must dissent.

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Cherry