IN THE SUPREME COURT OF THE STATE OF NEVADA

SHEILA BARKER, PERSONAL
REPRESENTATIVE OF LAWRENCE
RAY BARKER (DECEASED),
Appellant,
vs.
BEBOUT CONCRETE CONSTRUCTION,
LLC; AND GALLAGHER BASSETT
SERVICES, INC.,
Respondents.

No. 80761

FILED

JUL 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter.[1] Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge. Decedent Lawrence Barker had two open workers' compensation claims at the time of his death from an unrelated illness in May 2020.[2] The first claim involved a cervical spine injury Lawrence suffered in 1998. While working for a different employer in 2003, he suffered a lumbar spine injury. The 2003 claim is the subject of this appeal.

Both claims were closed and then reopened. In 2016, Lawrence settled with the insurer for his 1998 claim and was granted retroactive temporary total disability benefits (TTD). These benefits were paid until Lawrence's death. Lawrence then sought TTD benefits for his 2003 claim,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Sheila Barker, Lawrence's wife and personal representative substituted in as the appellant after Lawrence's death. To avoid confusion, we will refer to Lawrence as the appellant in this disposition.

21-21289

which the appeals officer denied. The appeals officer reasoned that awarding Lawrence such benefits would result in a double recovery as he was already receiving TTD benefits for the 1998 claim. Lawrence filed a petition for judicial review, which the district court denied. Lawrence now appeals.

Lawrence argues that the plain language of the governing workers' compensation statute, NRS 616C.475, does not limit claimants to a single TTD award.[3] We review de novo, *see Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087-88 (2008) (explaining that we review questions of law de novo in appeals from administrative matters); *Diamond v. Swick*, 117 Nev. 671, 674, 28 P.3d 1087, 1089 (2001) (noting that the construction of a statute is a question of law), and disagree.

In relevant part, NRS 616C.475(1) provides that "every employee in the employ of an employer . . . who is injured by accident arising out of and in the course of employment, . . . is entitled to receive for the period of temporary total disability, 66 2/3 percent of the average monthly wage." As the parties' arguments demonstrate, the statute is open to at least two honest interpretations. Thus, we "examine the context and

---

[3]Lawrence also raises a collateral source argument that fails because the doctrine does not apply in the workers' compensation context. *See* NRS 616A.010(3) (noting that the provisions of Nevada's workers' compensation scheme are based on a renunciation of common law rights and defenses). Similarly, Lawrence argues that the appeals officer erred in denying TTD payments under the 2003 claim to the extent she relied on his previous vocational rehabilitation buyout of that claim. The appeals officer's decision does not appear to be based on the buyout, however. Because the appeals officer's decision did not rely on it and because respondents do not pursue this argument on appeal, we do not address the buyout issue.

spirit of [NRS 616C.475], together with the subject matter and policy involved" to determine the Legislature's intent. *Gallagher v. City of Las Vegas*, 114 Nev. 595, 599-600, 959 P.2d 519, 521 (1998) (holding that the interpretation "should be in line with what reason and public policy would indicate the Legislature intended, and should avoid absurd results"); *Banegas v. State Indus. Ins. Sys.*, 117 Nev. 222, 225, 19 P.3d 245, 247 (2001) (holding that the Legislature's intent controls where a statute is ambiguous, and that a statute is ambiguous if it "is susceptible to more than one natural or honest interpretation").

"In 1993, the Legislature overhauled Nevada's workers' compensation system. The main reason for the overhaul was financial: the workers' compensation system was facing bankruptcy." *Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 367, 184 P.3d 378, 387 (2008). Testimony given during the hearings on that overhaul show that the Legislature intended to limit a claimant's entitlement to TTD payments. *See* Hearing on S.B. 316 Before the S. Commerce and Labor Comm., 67th Leg. (Nev., Feb. 25, 1993) (testimony of Senator Randolph Townsend) (testifying that amendments to a TTD statute were intended to get employees back to work as soon as possible); *see also id.* (testimony of Scott Young, general counsel for the State Industrial Insurance System) (testifying that "even if the job itself is somewhat menial . . . [employees] should be required to take it [because] it's better than sitting at home and just drawing your [compensation]").

Moreover, the workers' compensation regulations contemplate scenarios where claimants are working multiple jobs by allowing claimants to aggregate all the wages they earned during the time the injury occurred. For example, NAC 616C.420 defines "average monthly wage" as "the total

gross value of all money, goods and services received by an injured employee from his or her employment to compensate for his or her time or services and is used as the base for calculating the rate of compensation for the injured employee." NAC 616C.441 and 616C.423(1)(a) similarly describe average monthly wage as including all "money" and "earnings" a claimant receives from his or her "wages."

Based on the foregoing, we conclude that the Legislature did not intend for a claimant to be entitled to concurrent TTD payments.[4] This result is consistent with the purpose of workers' compensation laws generally, which "is to insure against loss of wage earning capacity," *Crosby v. Nev. Industrial Commission*, 73 Nev. 70, 77, 308 P.2d 60, 64 (1957), while balancing the financial considerations that led to the 1993 overhaul. And we note that the limited amount of other jurisdictions and secondary sources addressing this issue support this conclusion. *See, e.g., Madrid v. Indus. Comm'n of Ariz.*, 875 P.2d 839, 841 (Ariz. Ct. App. 1994) (affirming an award limiting a claimant's benefits for simultaneous TTD claims to 66 2/3 percent of the claimant's higher monthly wage); 2 Modern Workers Compensation, *Overlapping disabilities—Successive injuries*, § 200:25 (explaining that in cases where a worker suffers two separate and distinct injuries, the worker is not entitled to collect full TTD compensation from two carriers "since [TTD] is based on loss of earning capacity, and a

---

[4]Because Lawrence failed to raise the issue below or on appeal, we do not address how to calculate the TTD benefit amount under these facts. *See Nev. Power Co. v. Haggerty*, 115 Nev. 353, 365 n.9, 989 P.2d 870, 877 n.9 (1999) ("Normally an issue not raised below cannot be raised for the first time on appeal."); *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived.").

claimant has only one earning capacity, the claimant is entitled to compensation only for that one total loss of earning capacity"). The appeals officer's denial of TTD benefits for Lawrence's 2003 claim, and the district court's denial of Lawrence's subsequent petition for judicial review, were therefore appropriate.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Mary Kay Holthus, District Judge
       Israel Kunin, Settlement Judge
       Kemp & Kemp
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Eighth District Court Clerk

